PER CURIAM.
McCall, appellant, appeals from an order denying a Rule 1.850, 33 F.S.A., motion to vacate a conviction and sentence.
McCall alleges that his plea of guilty on an information of robbery was not free and voluntary. He charges misrepresentation by the trial judge, and promises by police officials were made to induce and coerce his plea of guilty. No hearing was granted McCall by the trial court nor were the allegations made by McCall refuted.
Fact questions raised by petitioner on a Rule 1.850 motion or unrefuted claims of a coerced plea of guilty entitle petitioner to a hearing by the trial court. Jones v. State, Fla.App.1964, 165 So.2d 191; Bennett v. State, Fla.App.1967, 203 So.2d 211.
McCall also claims that he is entitled to be appointed counsel on his Rule 1.850 motion. There is no absolute organic right to counsel in Rule 1.850 motions and only when complicated circumstances are present and potentially due process may be denied may a trial judge, in his discretion, appoint counsel in a post conviction proceeding. State v. Weeks, Fla.1964, 166 So.2d 892; Harper v. State, Fla.1967, 201 So.2d 65.
We reverse and remand to the trial court so that a complete and prompt hearing be granted on petitioner’s claims and leave to the trial judge the discretion to appoint counsel if he deems it necessary under the circumstances.
WALDEN, C. J., and CROSS and Mc-CAIN, JJ., concur.