503 So.2d 371 (1987)
Kenneth McCOY, Appellant,
v.
STATE of Florida, Appellee.
No. 86-897.
District Court of Appeal of Florida, Fifth District.
February 12, 1987.
Rehearing Denied March 4, 1987.
Charles B. Tiffany, Kissimmee, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Margene A. Roper, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Judge.
McCoy appeals his conviction and sentence for manslaughter. The sole issue on appeal is whether the shackling of McCoy's ankles during his trial constituted reversible error. We affirm.
At the opening of trial, defense counsel objected to McCoy's being required to wear leg restraints. McCoy was shackled pursuant to the Orange County Sheriff's policy that all persons charged with an offense punishable by life imprisonment must be shackled in circuit court as a security measure. The table where McCoy sat was draped and the jury was cleared from the courtroom when he was moved. The shackles were removed prior to his testifying before the jury. There was no showing in this case that the jury was aware of McCoy's shackling.
The use of shackles to restrain a defendant at trial should rarely be employed as a security device. Illinois v. Allen, 397 U.S. 337, 344, 90 S.Ct. 1057, 1061, 25 L.Ed.2d 353 (1970), reh'g denied, 398 U.S. 915, 90 S.Ct. 1684, 26 L.Ed.2d 80 (1970). "[R]estraints may confuse the defendant, impair his ability to confer with counsel, and significantly affect the trial strategy he chooses to follow." Zygadlo v. Wainwright, 720 F.2d 1221, 1223 (11th Cir.1983), cert. denied, 466 U.S. 941, 104 S.Ct. 1921, 80 L.Ed.2d 468 (1984). They should be used only when it is necessary to deter escape or prevent a disturbance or potential injury to people in the courtroom.
A trial court should not simply defer to the security measures set forth by the sheriff. However, "[t]he critical issue in a restraint case is the degree of prejudice caused by the restraint." Elledge v. State, 408 So.2d 1021, 1022-1023 (Fla. 1981); cert. denied, 459 U.S. 981, 103 S.Ct. 316, 74 L.Ed.2d 293 (1982); reh'g denied, 459 U.S. 1137, 103 S.Ct. 771, 74 L.Ed.2d 984 (1983). *372 In this case, McCoy was unable to demonstrate any impairment or detriment during his one-and-a-half day trial warranting reversal.
AFFIRMED.
DAUKSCH and COBB, JJ., concur.