COBB, Judge,
dissenting:
In this case the defendant was tried in shackles without any preliminary determination that such was necessary to deter escape or prevent a disturbance or potential injury to people in the courtroom. See McCoy v. State, 503 So.2d 371 (Fla. 5th DCA 1987). Unlike McCoy, this record shows an impairment or detriment to the defendant inasmuch as he, as appointed co-counsel, was unable to freely participate in the trial, particularly in regard to the attendance of bench conferences. It was unnecessary for the trial judge to appoint Sanders as his own co-counsel;[1] having done so, however, the trial judge was not at liberty to shackle him without any justification. I would reverse for a new trial.

. See Sheppard v. State, 391 So.2d 346 (Fla. 5th DCA 1980).