626 So.2d 268 (1993)
Larry Louis PORTER, Appellant,
v.
STATE of Florida, Appellee.
No. 93-02989.
District Court of Appeal of Florida, Second District.
October 27, 1993.
*269 PER CURIAM.
Larry Porter appeals the summary denial of his motion for postconviction relief. We reverse.
Porter, convicted of first degree murder and sentenced to life in prison, contends that he received ineffective assistance of counsel. According to the facts set forth in the motion, Porter was present when Kenneth Thornton and Michael Stepp drove to the Palm River area of Hillsborough County to purchase crack cocaine. In what appears to have been a robbery attempt, Stepp was shot and killed. It is Porter's position that Stepp was killed by Adrian Johnson, without Porter's foreknowledge or involvement.
Porter faults his trial attorney for the following omissions:
(1) Failure to utilize the fact that Adrian Johnson, after Miranda warnings, admitted he obtained the gun solely with intent to frighten the two would-be customers after one of them made a racial slur, and that the gun discharged by accident. Porter views this as particularly crucial evidence since the state argued that Johnson produced the gun on Porter's instructions.
(2) Failure to object to inadmissible hearsay testimony by Ronald Blackman. Blackman is described as the party who secreted the gun after the shooting. He allegedly stated, without firsthand knowledge, that Adrian Johnson obtained the gun from Porter.
(3) Failure to impeach witnesses who made inconsistent statements. Porter asserts that he told police he had no involvement in the robbery, and that they acknowledged on deposition that he did not incriminate himself. However, at trial one officer testified Porter admitted "they [Porter and Johnson] were going to rob people." According to Porter, counsel did nothing to reveal the inconsistency.
(4) Counsel failed to move the suppression of the gun. This portion of the motion is not well-taken, in that Porter fails to demonstrate that the recovery of the gun was accomplished by violating his constitutional rights.
The circuit court's order states that Porter has alleged no more than "tactical decisions." While attorneys are indeed given great latitude with regard to strategy and tactics, such a finding generally should be made only after an evidentiary hearing. Dauer v. State, 570 So.2d 314 (Fla. 2d DCA 1990). With the exception of the fourth allegation listed above, we believe that Porter has made a prima facie showing of entitlement to relief. Accordingly, we remand this case for further proceedings.
After remand the trial court should reexamine the files and records in this case in an effort to determine whether anything therein conclusively refutes the three claims discussed herein. If so, the court may again deny the motion, attaching to its order whatever exhibits it has relied upon. Otherwise an evidentiary hearing may be necessary to resolve Porter's claims. Any party aggrieved by the subsequent action of the trial court must file a timely notice of appeal to obtain further appellate review.
Reversed.
CAMPBELL, A.C.J., and HALL and BLUE, JJ., concur.