673 So.2d 960 (1996)
Keith A. WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 95-3861.
District Court of Appeal of Florida, First District.
May 23, 1996.
*961 No brief filed, for Appellant.
No brief filed, for Appellee.
MICKLE, Judge.
Keith Williams, the appellant, appeals from an order denying his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm in part, reverse in part, and remand for further proceedings.
In Ground One of his motion, the appellant alleged that trial counsel had been ineffective for failing to strike three jurors who were "obviously prejudicial" to the defense. An allegation that counsel was ineffective for allowing a biased member of the venire to serve on a jury suggests a deficiency of performance sufficient to require either a conclusive rebuttal by the record or an evidentiary hearing. Brown v. State, 654 So.2d 272 (Fla. 1st DCA 1995); Gibbs v. State, 604 So.2d 544 (Fla. 1st DCA 1992). The trial court attached a copy of the entire voir dire, which conclusively refutes the appellant's suggestion of improper bias among the three specified jurors. In fact, the record establishes that defense counsel did strike other members of the venire who exhibited an unacceptable bias. Having failed to establish a clear, substantial deficiency in counsel's performance and prejudice to his case, the appellant's first ground for relief was properly denied. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
The appellant was convicted for battery on a law enforcement, which had occurred during an incident at the prison where the appellant was already incarcerated. In Ground Two, the appellant alleged that counsel had been ineffective for failing to impeach the testimony of the state's chief witness. This testimony is alleged to conflict directly with the testimony of the battered victim. Appellant contends that if counsel had challenged the testimony of the state's key witness, a question would have been raised as to the victim's ability to recognize and identify his attacker. The appellant alleged a reasonable probability that counsel's omission affected the outcome. We must take these allegations to be true because the appellate record does not conclusively rebut them. Harich v. State, 484 So.2d 1239, 1241 (Fla.1986). The trial court found that Ground Two is procedurally barred because it could have been raised on direct appeal. We disagree with that holding. Sireci v. State, 469 So.2d 119, 120 (Fla.1985), cert. den., 478 U.S. 1010, 106 S.Ct. 3308, 92 L.Ed.2d 721 (1986); Porter v. State, 626 So.2d 268 (Fla. 2d DCA 1993) (motion was facially sufficient, where it alleged ineffective counsel based on failure to impeach witnesses who had made inconsistent statements). The Supreme Court of Florida has set out the test, modeled on Strickland v. Washington, supra, for evaluating claims of ineffective assistance of counsel:
First, a claimant must identify particular acts or omissions of the lawyer that are shown to be outside the broad range of reasonably competent performance under prevailing professional standards. Second, the clear, substantial deficiency shown *962 must further be demonstrated to have so affected the fairness and the reliability of the proceeding that confidence in the outcome is undermined.
Kennedy v. State, 547 So.2d 912, 913-14 (Fla. 1989). Although unartfully stated, the appellant's allegations in Ground Two raise the type of factual questions that require either attachment of portions of the record to refute the allegations conclusively, or an evidentiary hearing. McCall v. State, 224 So.2d 370, 371 (Fla. 4th DCA 1969).
Accordingly, we AFFIRM the denial of relief as to Ground One and REVERSE AND REMAND as to Ground Two for attachment of portions of the record or for an evidentiary hearing.
ALLEN and LAWRENCE, JJ., concur.