782 So.2d 513 (2001)
Terry O'Brien CHILDERS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D00-3585.
District Court of Appeal of Florida, First District.
April 5, 2001.
*515 Appellant, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Terry O'Brien Childers appeals the summary denial of his motion for post conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. In his motion, the appellant raised the following claims for relief:
I. Ineffective assistance of counsel in failing to present an insanity defense;
II. Ineffective assistance of counsel in conceding the appellant's guilt in the opening and closing statements;
III. Ineffective assistance of counsel in misadvising the appellant on the plea as to parole eligibility;
IV. Ineffective assistance of counsel in failing to object to a witness's testimony;
V. Cumulative ineffective assistance of counsel which denied the appellant of due process, which contains seven claims:
1) Counsel abandoned a viable defense and instead entered into an *516 agreement with the state prosecutor,
2) Counsel conceded the defendant's guilt without the prior knowledge or consent of the defendant,
3) Counsel failed to object to the fact that the defendant was made to wear an electric shock box during the trial,
4) Counsel failed to impeach a witness,
5) Counsel failed to object to testimony about sexual comments allegedly made by the defendant,
6) Counsel repeatedly questioned a witness about her anger with the co-defendant, questions which seemed irrelevant to the defendant's defense, and
7) Counsel failed to impeach, and conducted an ineffective cross-examination of, the state's star witness,
VI. Ineffective assistance of counsel for failing to pursue a claim of malicious prosecution; and
VII. Violation by counsel of the appellant's constitutional rights guaranteed under 18 U.S.C. § 201.
The trial court's summary denial of the appellant's claims I through IV and parts 3, 4, and 6 of claim V are reversed and remanded for an evidentiary hearing or for attachment of relevant portions of the record conclusively refuting those claims. We find no merit in his other claims.
The appellant was tried and found guilty on charges of armed burglary of a dwelling with a firearm while wearing a mask, five counts of armed kidnapping with a firearm, armed robbery with a firearm while masked, and conspiracy to commit armed robbery. He also pled guilty to charges of burglary of a dwelling, two counts of robbery, burglary of an occupied dwelling with a firearm and person assaulted, and two counts of false imprisonment. While most of the appellant's claims of ineffective assistance concern his trial, claim III concerns his guilty plea.
I. As to the first claim of ineffective assistance of counsel, the appellant alleged that counsel "abandon[ed] defendant's cause in a viable defense." The appellant's motion mingles three separate claims: that counsel was ineffective for failing to pursue an insanity defense, for failing to pursue a voluntary intoxication defense, and for failing to have the appellant adjudged incompetent to stand trial. However, the main thrust of the appellant's argument is that he was so intoxicated at the time the crime was committed that he met the test for legal insanity, and thus could not form the specific intent required to be found guilty.
The appellant alleged that, at the time of the crime, "he did not know what he was doing, or that it was wrong." The appellant claimed that he was insane at the time of the crime because he committed it immediately after walking out of the mental ward of a VA hospital, unsupervised and without permission, and while under the influence of a powerful mind-altering drug, Holadon, as part of his in-patient treatment for extreme post-traumatic stress disorder. The appellant alleged in his reply to the state's response to his motion that he was also under the influence of alcohol and cocaine at the time of the crime. The appellant alleged that counsel's performance was deficient because he "abandon[ed] the defendants [sic] insanity defense," and thus "denied the defendant the opportunity for the jury to decide if his `mental infirmity, or disorder' would have produced the reasonable doubt necessary to acquit him," The appellant alleged prejudice by asserting that a jury faced with the evidence of his mental state at the time *517 of the crime would have found reasonable doubt and would have acquitted him.
The standard in Florida for insanity is the McNaughton Rule, which considers "1) the individual's ability at the time of the incident to distinguish right from wrong, and 2) his ability to understand the wrongness of the act committed." See Gurganus v. State, 451 So.2d 817, 820 (Fla.1984). Insanity is a complete defense to the crimes with which the appellant is charged. 15 Fla.Jur.2d, Criminal Law § 3059 at 575 (1993) ("A person who is insane is incapable of forming the intent necessary to commit a crime, and such an individual cannot be legally punished for acts which would be criminal if he were not insane.").
The appellant's specific allegations are not refuted by the record. The state responded that an expert examined the appellant and reported that the appellant was sane at the time of the offense, but because neither the state nor the trial court attached any part of the record, this Court cannot say that the record conclusively refutes the appellant's claim. Thus, this claim of ineffective assistance based on failure to present an insanity defense is sufficiently pled, and is remanded for attachment of portions of the record which conclusively refute the appellant's claim, or for an evidentiary hearing.
II. The appellant specifically alleged that his counsel was ineffective for conceding guilt in opening and closing statements without the appellant's permission. The appellant alleges that in his closing statement, defense counsel simply walked up to the jury box, shook his head, and told the jury that he could not believe the state had made a deal with the "worst of the bunch." It is well established that an attorney may not concede guilt for any crimes to which the defendant has pled "not guilty" unless the court finds that the defendant understands the consequences of the concession, because it is the functional equivalent of a guilty plea. See Taylor v. State, 695 So.2d 1293, 1295 (Fla. 4th DCA 1997), citing Wiley v. Sowders, 647 F.2d 642 (6th Cir.), cert. denied 454 U.S. 1091, 102 S.Ct. 656, 70 L.Ed.2d 630 (1981). See also Nixon v. Singletary, 758 So.2d 618 (Fla.2000) (counsel's concession of guilt without the defendant's permission is per se ineffectiveness of counsel).
The state did not attach to its response portions of the record to refute the appellant's allegation. The appellant alleges that defense counsel's opening and closing statements were not transcribed, upon defense counsel's request. Therefore, this claim is remanded to the trial court for an evidentiary hearing.
III. With respect to the third claim of ineffective assistance of counsel, the appellant specifically alleged that counsel advised him that he would receive parole in 7 years if he pled. The appellant also alleged that he would not have accepted the plea had he been correctly informed. This court has held that "allegations of erroneous advice regarding the amount of time a defendant could spend in prison are sufficient to cast doubt on the voluntary character of a guilty plea" and automatically constitute a sufficient claim of ineffective assistance of counsel. See Gilyard v. State, 675 So.2d 950, 951 (Fla. 1st DCA 1996). This allegation, combined with the allegation that the appellant would not have pled had he been correctly informed, is enough to require either attachment of those portions of the record conclusively refuting the allegations or an evidentiary hearing. See O'Bryant v. State, 765 So.2d 745 (Fla. 1st DCA 2000); Watson v. State, 667 So.2d 242 (Fla. 1st DCA 1995), citing Koenig v. State, 597 So.2d 256 (Fla.1992) (although a defendant *518 may have signed a plea which addressed some of what Fla.R.Crim.P. 3.170 requires that a defendant understand before agreeing to a plea, if the record does not show that the trial court informed the defendant of the points in the rule and that the defendant understood the written form, much less whether the defendant could even read, the plea was involuntary and the defendant may withdraw his plea of guilty or nolo contendre).
IV. Fourth, the appellant sufficiently claimed that his counsel should have objected to the testimony of a "co-conspirator" as hearsay because the witness testified that he was not personally aware of events that happened during the two robberies, but then testified about what other parties told him about the robberies. See Williams v. State, 673 So.2d 960 (Fla. 1st DCA 1996), citing Porter v. State, 626 So.2d 268 (Fla. 2d DCA 1993) (holding that the appellant made a facially sufficient showing that counsel was ineffective when he failed to object to witness X's testimony that Y had obtained a gun from Z without firsthand knowledge of the transaction). Moreover, even if the failure to object was merely a tactical decision by counsel rather than ineffective assistance, such a finding should be made only after an evidentiary hearing. See id. at 269.
The trial court failed to attach any portion of the record refuting the appellant's claims. Because these allegations are not refuted by the record, we remand for an evidentiary hearing or for attachment of relevant portions of the record conclusively refuting his claims.
V. The appellant's claim of cumulative ineffective assistance of counsel included accounts of different episodes which could have constituted ineffective assistance. Parts 1 and 2 of this claim simply recounted claims I and II above, and as such will be remanded.
Part 3 alleged that defense counsel should have objected to the appellant's being required to wear a "stun belt," a restraint device capable of administering electricity to the appellant should the court need to control him. He also alleged that the appellant's fear of the stun belt prevented him from effectively participating in his own defense. Florida acknowledges that restraints may adversely affect the defendant's case. See McCoy v. State, 503 So.2d 371 (Fla. 5th DCA 1987). No formal hearing on the use of restraints is necessary, but where there is a total lack of a hearing, the decision should be remanded for a hearing. See Elledge v. Dugger, 823 F.2d 1439, 1451, reh'g granted in part, 833 F.2d 250 (11th Cir.1987). Therefore we remand for a hearing on this part of the appellant's claim of cumulative ineffective assistance of counsel.
The appellant in part 4 of this cumulative ineffective assistance claim sufficiently alleged that counsel should have impeached testimony that the appellant asked the witness to tie up a woman during the robbery. Cf. Brown v. State, 596 So.2d 1026, 1029 (Fla.1992) (holding that an allegation that counsel should have impeached a witness for saying that the defendant told someone he had killed "one white woman" was facially sufficient). Because the trial court failed to attach relevant portions of the record conclusively refuting the appellant's allegation, we remand on this issue for a hearing or for attachment of portions of the record.
The appellant alleged in part 5 of this claim that his counsel should have objected to testimony about sexual comments allegedly made by the appellant. This claim is not sufficiently pled because it does not allege exactly what statements are objectionable. See Bethea v. State, 767 So.2d 630 (Fla. 5th DCA 2000) (listing the *519 allegation of specific facts among the requirements for a facially sufficient claim of ineffective assistance of counsel).
The appellant sufficiently alleged in part 6 of this claim that his counsel should not have repeatedly questioned a witness about her anger with the co-defendant because it was irrelevant to the appellant's defense. This line of questioning may have been counsel's strategy, but "such a finding generally should be made only after an evidentiary hearing." See Porter v. State, 626 So.2d 268 (Fla. 2d DCA 1993). The trial court failed to attach portions of the record demonstrating that such a hearing was held; therefore, we must remand for a hearing on this issue.
The appellant's final allegation in his claim of cumulative ineffective assistance of counsel was that his counsel should have impeached and conducted an effective cross-examination of the state's star witness. Because the appellant did not allege how the failure to more thoroughly cross-examine hurt his case, the allegation is facially insufficient. See Ford v. State, 776 So.2d 373 (Fla. 5th DCA 2001) (dismissing as facially insufficient a claim of ineffective assistance of counsel because the appellant failed to explain how asking only one question on cross was ineffective, reasoning that trial counsel may have had good reason not to ask more than one question on cross).
VI. The appellant's sixth claim of ineffective assistance of counsel was that defense counsel should have asserted malicious prosecution. This claim is facially insufficient because the appellant did not allege every element of the claim. See McCraney v. Barberi, 677 So.2d 355 (Fla. 1st DCA 1996) (reciting the elements of an action for malicious prosecution, two of which are (1) that an original criminal or civil judicial proceeding was commenced or continued, and (2) that the judicial proceeding was terminated in the plaintiff's favor).
VII. The appellant's seventh claim of ineffective assistance alleged that the prosecutor violated 18 U.S.C. § 201(c)(2) when she promised leniency to two of the witnesses in exchange for their testimony. In United States v. Singleton, 165 F.3d 1297 (10th Cir.1999), the court held that the word "whoever" in the statute does not apply to the United States or an assistant United States attorney acting in the scope of office in the prosecution of criminal cases. See Singleton, 165 F.3d at 1300. See also United States v. Lowery, 166 F.3d 1119 (11th Cir.1999) (mentioning the "stampede" of courts which have considered and rejected the first Singleton panel's holding, and explaining that the plain meaning of the statute, first enacted in 1962, is that it does not apply to government prosecutors). Therefore, the appellant's claim is not facially sufficient, and we affirm the trial court's denial with respect to this claim.
Affirmed in part, reversed in part, and remanded for further proceedings.
BENTON, PADOVANO and POLSTON, JJ., concur.