875 So.2d 734 (2004)
Warren ALLEN, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-5912.
District Court of Appeal of Florida, Second District.
June 11, 2004.
*735 PER CURIAM.
Warren Allen, Jr., challenges the order of the trial court summarily denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm, without comment, one of the two grounds for relief Allen raised in his motion, but reverse and remand for further proceedings on the second ground.
Allen was convicted after jury trial of sexual battery. In his motion Allen alleged that trial counsel was ineffective in failing to challenge certain prospective jurors[1] for cause. The basis of the claim is that individual prospective jurors, during voir dire, indicated, inter alia, that they would draw a negative conclusion if Allen did not testify and that they were likely to believe the testimony of the child victim. The failure of trial counsel to challenge a juror for cause is a cognizable rule 3.850 claim. See Thompson v. State, 796 So.2d 511 (Fla.2001); Chattin v. State, 800 So.2d 665 (Fla. 2d DCA 2001).
In the present case, the trial court denied Allen's claim, finding that under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the claim did not satisfy the prejudice prong of Strickland because Allen's "arguments lack merit and would not have changed the outcome of the trial." The supreme court in Thompson concluded that prejudice can be established upon a "showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." 796 So.2d at 515. In Thompson, the trial court denied Thompson's claim that trial counsel was ineffective in failing to challenge a juror for cause on the basis that the evidence was more than sufficient to support the convictions. The supreme court stated: "The issue is not whether the evidence was sufficient to support the convictions; the real issue is whether, as a result of counsel's performance, the panel which made the ultimate determination was composed of jurors who held the fact that Thompson exercised a fundamental constitutional right against him." 796 So.2d at 517. In the present case, the trial court found that Allen was not prejudiced because he would not have been acquitted had trial counsel challenged certain jurors for cause. Such a finding would appear to be based on the strength of the evidence presented by the State at trial. As noted in Thompson, this is the wrong standard for determining Allen's claim. Clearly, if any jurors indicated that they would prejudge the case based on the age of the victim, or that they would hold it against Allen if he did not testify, then Allen was deprived of a fair trial.
We reverse the trial court's denial of this ground, and remand to the trial court to consider Allen's claim under the standard enunciated in Thompson.
Affirmed in part, reversed in part, and remanded for further proceedings.
WHATLEY, CASANUEVA, and SALCINES, JJ., concur.
NOTES
[1] In fact, the members of the venire Allen alleges that trial counsel should have challenged for cause all served on the jury in this case.