CASANUEVA, Judge.
Trevor J. Davis filed postconviction motions under Florida Rule of Criminal Procedure 3.850 asserting eleven grounds for relief. The trial court summarily denied eight of the claims and then denied the remainder following an evidentiary hearing. Mr. Davis has raised a number of issues on appeal; we affirm as to all aspects of the postconviction orders except the trial court’s summary denial of Mr. Davis’s claim that his counsel was ineffective for failing to strike two jurors.
Mr. Davis was charged with armed robbery of a bank. In his motion he alleged that his attorney failed to strike two jurors who revealed on voir dire that they or close family members had been victims of armed robbery. That experience, Mr. Davis claimed, caused those jurors to sympathize with the victims and rendered them unable to view the evidence in an unbiased manner. “[I]n cases where there has been no evidentiary hearing, we must accept the factual allegations made by the defendant to the extent that they are not refuted by the record.” Freeman *1075 v. State, 761 So.2d 1055, 1061 (Fla.2000). “The failure of trial counsel to challenge a juror for cause is a cognizable rule 3.850 claim.” Allen v. State, 875 So.2d 734, 735 (Fla. 2d DCA 2004). Furthermore, an “allegation that counsel was ineffective for allowing a biased member of the venire to serve on a jury suggests a deficiency of performance sufficient to require a conclusive rebuttal by the record or an evidentia-ry hearing.” Williams v. State, 673 So.2d 960, 961 (Fla. 1st DCA 1996).
In summarily denying this claim, the circuit court found that Mr. Davis could not demonstrate that he was prejudiced by his counsel’s alleged deficiencies regarding juror challenges because, prior to voir dire, the court had admonished the potential jurors to set aside all bias and, subsequently, each seated juror affirmatively responded under oath that he or she would judge the evidence truly and according to the law. Attached to the order were the transcripts of the charge to the venire to act fairly and impartially and the administration of the oath to the seated jurors.
“Because a defendant must demonstrate prejudice in a 3.850 proceeding, post-conviction relief based on a lawyer’s incompetence with regard to the composition of the jury is reserved for a narrow class of cases where prejudice is apparent from the fact of the record, where a biased juror actually served on the jury.” Jenkins v. State, 824 So.2d 977, 982 (Fla. 4th DCA 2002). Although it might ultimately prove difficult for Mr. Davis to demonstrate the prejudice component of Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the excerpts from the record attached by the trial court to its order do not conclusively rebut Mr. Davis’s contention that his counsel was ineffective for failing to strike biased jurors. A trial court’s standard warnings to the venire to act impartially and its subsequent administration of the oath to the empaneled jury, while designed to assure that no biased jurors will serve, can never sufficiently contravene an allegation that a biased juror was actually seated on the jury. Such a contention can rarely be refuted without reference to the juror’s comments on voir dire. In Williams, for example, the “trial court attached a copy of the entire voir dire, which conclusively refute[d] appellant’s suggestion of improper bias among the three specified jurors.” 673 So.2d at 961.
Accordingly, we reverse and remand for the trial court to hold an evidentiary hearing or to attach portions of the record that conclusively rebut Mr. Davis’s claim in ground seven of his motion for postconviction relief. We affirm the denial of relief as to all other grounds.
Affirmed in part, reversed in part, and remanded.
STRINGER and VILLANTI, JJ., concur.