LaROSE, Judge.
 

 Ben Hayes appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm, without discussion, as to grounds one through eight. We reverse and remand for further proceedings on ground nine.
 

 Mr. Hayes was charged with burglary of a dwelling. A jury convicted Mr. Hayes and the trial court sentenced him as a habitual felony offender to twenty years’ imprisonment.
 

 In ground nine of his motion, Mr. Hayes alleged that his trial counsel was ineffective for failing to object when an excused juror actually sat on the jury. Mr. Hayes alleged that during voir dire juror number one, Ms. Delgado, stated that she could not decide the case on its merits. The trial court subsequently excused juror number one for cause. Mr. Hayes claims that Ms. Delgado was seated as juror number four at trial. “[I]n cases where there has been no evidentiary hearing, we must accept the factual allegations made by the defendant to the extent that they are not refuted by the record.”
 
 Freeman v. State,
 
 761 So.2d 1055, 1061 (Fla.2000).
 

 An “allegation that counsel was ineffective for allowing a biased member of the venire to serve on a jury suggests a deficiency of performance sufficient to require either a conclusive rebuttal by the record or an evidentiary hearing.”
 
 Williams v. State,
 
 673 So.2d 960, 961 (Fla. 1st DCA 1996). In denying ground nine, the posteonviction court failed to attach the portion of the record that conclusively rebuts Mr. Hayes’ allegation that Ms. Delgado was excused but ultimately sat as a juror. The portion of the record relied upon by the postconviction court demonstrates that juror number one was excused, but does not identify the juror by name. The record reflects that Ms. Delgado was listed as a final juror.
 

 Accordingly, we reverse and remand for the trial court to attach portions of the record that conclusively rebut Mr. Hayes’ ground nine or to hold an evidentiary hearing.
 

 Affirmed in part, reversed in part, and remanded for further proceedings.
 

 NORTHCUTT and VILLANTI, JJ„ Concur.