66 So.3d 352 (2011)
Jose Joaquin FONSECA, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D10-860.
District Court of Appeal of Florida, Third District.
July 6, 2011.
*353 Jose Joaquin Fonseca, in proper person.
Pamela Jo Bondi, Attorney General, and Nicholas Merlin, Assistant Attorney General, for appellee.
Before SHEPHERD and EMAS, JJ., and SCHWARTZ, Senior Judge.
SHEPHERD, J.
The defendant, Jose Joaquin Fonseca, appeals a summary denial of his motion for post-conviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850, alleging ineffective assistance of counsel. Because the record before us does not conclusively show the defendant is entitled to no relief, we reverse and remand this case.
The crux of the defendant's allegations of ineffective assistance of counsel is that defense counsel failed to present a viable defense consistent with the evidence. The defendant was charged with and convicted of attempted first-degree premeditated murder and shooting a deadly missile into a building. The State's theory of the case was that the crimes were crimes of rage by a spurned lover. The victim testified the defendant aggressively pursued a sexual relationship with her, during the course of which he showered her with expensive gifts, helped her run errands, and assisted with projects around the victim's house to earn her favor. She further testified that when she told the defendant she only wanted a friendship with him, the defendant became angry and demanded the return of the gifts. On the day of the crime, the victim returned home from work, followed by the defendant, who approached her house. An argument ensued between them through a window, with the defendant standing outside the house and the victim inside. The victim testified the defendant pulled out a gun, pointed it at her, and shot a bullet through the window.
The defendant told a different story. In a statement provided to the police after he was detained, the defendant admitted he went to the victim's house. However, the defendant maintained the victim was the harasser, claiming his cellular telephone bill showed nearly $1000 in harassing phone calls from her. The defendant told *354 police that on the day of the incident he went to the victim's house to confront her regarding these phone calls. The defendant further told police that during their argument, he went to his car to obtain his gun to scare the victim, and when he returned to the front door, a bullet "slipped" from the gun. The defendant claimed he "never wanted to fire at her"; his only intent was to scare her with the gun.
In his post-conviction motion, the defendant asserts five grounds of ineffective assistance of counsel, three of which are not conclusively refuted by the record. The defendant asserts his defense counsel rendered ineffective assistance by failing to present a defense of an accidental shooting, consistent with his statement to the police, and instead arguing the victim's story was "cooked-up" and the defendant's confession was coerced (ground three). Grounds one and two of the defendant's motion centered around evidence supporting the defendant's accidental shooting theoryfailing to investigate cellular telephone records to support the defendant's claim the victim was the harasser (ground one), and failing to obtain a firearm expert to testify the gun was capable of misfiring (ground two).
In its order denying the defendant's post-conviction motion, the trial court did not address ground threethe defendant's claim that defense counsel rendered ineffective assistance by failing to present a defense consistent with the evidence. With regard to grounds one and two, the trial court denied these claims, stating these decisions "very well may have been a matter of trial strategy." "While attorneys are indeed given great latitude with regard to strategy and tactics, such a finding generally should be made only after an evidentiary hearing." Porter v. State, 626 So.2d 268, 269 (Fla. 2d DCA 1993); see also Simon v. State, 47 So.3d 883, 886 (Fla. 3d DCA 2010) ("[A] trial court's finding that such a decision was tactical, so as to defeat a defendant's post-conviction ineffective assistance claim, usually is inappropriate without an evidentiary hearing."). Thus, we reverse and remand the case for an evidentiary hearing as to grounds one through three.
We affirm the summary denial of grounds four and five, finding the record conclusively refutes those claims.
Affirmed in part, reversed in part, and remanded with instructions.
EMAS, J., concurs.
SCHWARTZ, Senior Judge (dissenting).
For the reasons stated in the State's brief-response, I would affirm.