SCHEB, Acting Chief Judge.
Z.S., a juvenile, challenges an order adjudicating him delinquent based on the trial judge’s finding that he committed grand theft of a motor vehicle, a violation of section 812.014, Florida Statutes (1989). Z.S. argues the court erred in denying his motion for judgment of acquittal. We agree.
The evidence at the adjudicatory hearing revealed that on the evening of June 26, 1989, Sgt. Alan Howard found a dark maroon 1989 Jeep Cherokee alongside a roadway. The vehicle was identified as one *866 that had been stolen. About three and one-half hours later Howard arrested Z.S., a black male whom he had seen pumping gas into a black Jeep Cherokee at a Circle K store earlier that evening. A clerk from Circle K testified that “a bunch of boys” had been at the store’s gasoline pumps on that same evening. They arrived in two vehicles, one of which she described as a “black Jeep, Bronco-type vehicle.” She described two of the youths, one white and one black, who came into the store to pay for the gas. She could not, however, identify Z.S. as the black male who came into the store.
On appeal, Z.S. posits that the state’s case is based on an inference of guilt that can arise from an accused’s possession of recently stolen property.[1] He points out, however, that there was no evidence that he operated, was a passenger in, or exercised any control over the vehicle in question. He argues that the state failed to prove possession and the trial court should have granted his motion for a judgment of acquittal. The state counters that Sgt. Howard’s testimony identifying Z.S. as the person who had pumped gasoline into the stolen vehicle is sufficient to link him with the offense.
Laying aside a conflict in the evidence as to the color of the vehicle in question, there was insufficient evidence to establish that Z.S. was guilty of theft of the vehicle. The most the evidence showed was that Z.S. pumped gas into a stolen Jeep. Consequently, there was no proof of either possession or intent. See A.E. v. State, 549 So.2d 774 (Fla. 3d DCA 1989); E.L.S. v. State, 547 So.2d 298 (Fla. 3d DCA 1989).
Accordingly, we reverse and order Z.S. discharged.
LEHAN and HALL, JJ., concur.

. Section 812.014, Florida Statutes (1989), defines theft as follows:
1) A person is guilty of theft if he knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently:
(a) Deprive the other person of a right to the property or a benefit therefrom.
(b) Appropriate the property to his own use or to the use of any person not entitled thereto.