PATTERSON, Acting Chief Judge.
Judith Adams appeals from her judgment and sentence for grand theft, three counts of possession of a forged driver’s license, and two counts of perjury. We affirm in all respects, except as to the grand theft count. We reverse Adams’ grand theft judgment and sentence because the evidence was insufficient to sustain the conviction.
Daniel Fenimore, parts and service director at Thornton Mazda, testified that Adams brought in a Mazda pickup truck for repairs in April of 1993. The name that she gave him was “Christie Hall.” The truck remained at the repair shop for several weeks. He said that every time he talked with Adams, she wanted something else done on the truck, and they basically refurbished it. The total cost of the repairs was $2,878.97.
After the repairs were completed, the truck was parked on the unfenced back portion of the parking lot. Fenimore noticed the truck missing from the lot about four days after they notified the customer to pick up the truck. When Fenimore noticed the truck was gone, he checked and found that Adams had never paid the bill. He tried to call Adams at the phone number she left with them, but he could not get in touch with her, so he reported the truck stolen. When he ran the tag, it did not come back registered to that vehicle. They never located Adams.
Six months later, on October 2, 1993, Dennis Trubey, a special agent with the Florida Department of Law Enforcement, arrested Adams and her husband on other charges. Trubey testified that a Mazda pickup truck was parked “nearby” the motor home where Adams and her husband were arrested, and he gave the truck’s vehicle identification number. This was the only statement Tru-. bey made regarding the pickup truck. The vehicle identification number on the truck matched the number Fenimore noted when he took in Adams’ truck for repairs.
The state contends that it proved Adams committed grand theft of the value of the repair services. See §§ 812.012(3), 812.014, Fla. Stat. (1991). The state relies on the presumption arising from the possession of recently-stolen property. “Proof of possession of property recently stolen, unless satisfactorily explained, gives rise to an inference that the person in possession of the property knew or should have known that the property had been stolen.” § 812.022(2), Fla. Stat. (1991); see Z.S. v. State, 579 So.2d 865 (Fla. *1032 2d DCA 1991) (evidence that juvenile pumped gas into stolen vehicle insufficient to establish possession).
The state did not present competent, substantial evidence to support Adams’ conviction for grand theft. Although the circumstantial evidence strongly suggests guilt, the state did not prove that Adams took the truck from the service department’s parking lot. See State v. Law, 559 So.2d 187, 188 (Fla.1989) (when proof is circumstantial, even though evidence strongly suggests guilt, state must present competent, substantial evidence inconsistent with any reasonable hypothesis of innocence). The state proved that the pickup truck was parked “nearby” when Adams and her husband were arrested at a motor home six months after the truck was stolen from the lot. However, the state did not prove that Adams or her husband were in possession of the truck. Thus, the state cannot rely on the inference arising from the possession of recently-stolen property. Accordingly, we reverse Adams’ judgment and sentence for grand theft.
Affirmed in part, reversed in part.
ALTENBERND and FULMER, JJ., concur.