PER CURIAM.
Appellant, who was being chased by police, ran to an apartment for which he had no key. After knocking on the door, he was admitted into the apartment. Immediately thereafter, police officers entered and found the juvenile sitting in the apartment. Near the juvenile, police officers found a bag of cocaine on a table and some syringes behind a dresser. The juvenile was convicted of possession of cocaine.
Because the juvenile was not in actual possession of the cocaine, the State had to show he had “constructive possession.” The State had the burden to prove the juvenile 1) had dominion and control over the cocaine; 2) had knowledge that the cocaine was within his presence; and 3) had knowledge of the illicit nature of the cocaine. See Brown v. State, 428 So.2d 250, 252 (Fla.1983).
Where, as here, the juvenile does not own or occupy the premises, dominion and control can not be inferred, but must be established by independent evidence. See Id. The State failed to present independent evidence to *1084 establish that the juvenile had the ability to exercise dominion and control over the cocaine. Johnson v. State, 456 So.2d 923, 925 (Fla. 3d DCA 1984). The evidence establishes nothing more than mere presence, which is insufficient to establish that the juvenile was in constructive possession of the cocaine.
Reversed.