PER CURIAM.
Willie Lee Rutledge appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Rutledge raises three claims. We reverse as to Rutledge’s claim that his attorney was ineffective for failing to impeach the victim’s trial testimony concerning her identification of him as the perpetrator who committed an armed robbery with a weapon and, but for *1200 his lawyer’s error, the outcome of his trial would have been different. We affirm the balance of the order without comment.
According to the record before this court, prior to Rutledge’s trial, the deposition of the investigating police officer, Officer Middleton, was taken. In his deposition, Officer Middleton testified that the victim, Arlyne Maye Owens, identified the perpetrator as a black male, approximately 15 to 18 years old, 150 pounds, with brown eyes and black hair.
In the victim’s pretrial deposition, she testified that the perpetrator was skinny, about 140 to 145 pounds, and was between 30 and 35 years old. At trial, however, Ms. Owens testified that she never made the statement to Officer Middleton that the perpetrator was 15 to 18 years old.
Defense counsel did not call Officer Middleton as a witness at trial. Instead, it appears from the record that Rutledge’s counsel, attempted to introduce Officer Middleton’s report concerning the victim’s description of the perpetrator via the testimony of another police officer. Defense counsel’s attempt was unsuccessful and led to a hearsay objection by the state, which was sustained by the trial court.
Without ■ Officer Middleton’s testimony, there was no way to impeach the victim’s trial testimony concerning the description of the perpetrator. Rutledge contends that this testimony was critical to his case and affected the outcome of his trial.
In denying Rutledge’s claim, the trial coprt concluded that defense counsel was' not ineffective for not introducing Officer Middleton’s testimony because counsel was limited in the evidence he could present in this trial in light of the fact that Rutledge had been charged with another robbery committed at the same location, but on a different day, involving a different victim. We disagree.
While it appears that the trial court’s denial is premised upon the fact that defense counsel employed a reasonable trial strategy, and thus was not ineffective, such a determination usually requires an evidentiary hearing. See Harris v. State, 768 So.2d 1179, 1183 (Fla. 4th DCA 2000). In Harris, we pointed out that “most postconviction proceedings will require an evidentiary hearing ‘where a full exploration of the trial attorney’s strategy decisions and his communications with his client can be aired.’ ” Id. at 1183 (quoting York v. State, 731 So.2d 802, 804 (Fla 4th DCA 1999)).
In the present case, despite the fact that multiple robberies occurred at the same location and that Rutledge had been charged in all of the robberies, Officer Middleton testified in his deposition that he was involved only in the crime against the victim in the present case, Ms. Owens. Specifically, his deposition testimony concerning the multiple robberies was that, “[t]he only one I know of that took place was the one that she was involved in.... ” Accordingly, the trial court’s determination that Rutledge’s claim is conclusively refuted because presentation of Officer Middleton’s testimony would “open the door” to the other robberies is simply not supported by the record.
Since Rutledge’s claim is not conclusively refuted by the record, we reverse and remand for the trial court to attach portions of the record that conclusively refute this claim or to conduct an evidentiary hearing on the claim.
WARNER, C.J., GUNTHER and TAYLOR, JJ., concur.