920 So.2d 838 (2006)
Julie Elaine FERGUSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-420.
District Court of Appeal of Florida, Fourth District.
February 22, 2006.
*839 Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and David M. Schultz, Assistant Attorney General, West Palm Beach, for appellee.
MAY, J.
The defendant appeals her conviction for robbery and burglary of a conveyance with an assault or battery. She argues the trial court erred in instructing the jury concerning the possession of recently stolen property, and further erred in admitting hearsay evidence. We disagree and affirm.
The victim alleged an individual stole her purse from the front seat of the car. According to the victim, a struggle ensued between herself and the individual during which the individual struck the victim. The individual escaped in a car. The victim was unable to positively identify the perpetrator.
During the investigation, the police recovered the victim's purse in a hotel room occupied by the defendant and a male companion. The defendant initially denied taking the purse. She admitted to being at the scene of the crime, but asserted she had been asleep in the car when her male companion took the purse. The male companion related the opposite story. When confronted with the male companion's accusatory statement, the defendant admitted responsibility.
*840 The State charged the defendant with robbery and burglary of a conveyance with an assault or battery. At trial, the defendant admitted the theft, but denied the purse was actually in the car when taken and further denied the assault and battery.
The State called the detective responsible for the questioning to testify. Just as the detective began to testify concerning what the male companion had told him, defense counsel objected on the basis of hearsay. The State argued the statement was not being offered for the truth of the matter asserted, but rather to show its affect on the defendant and to put the defendant's response in context. The trial court overruled the objection. The detective related the male companion's accusatory statement that the defendant had taken the purse from the victim's vehicle and the defendant's adoption of that statement.
The jury returned a guilty verdict on both counts. The trial court sentenced the defendant to two concurrent terms of seven years.
We find no error in the court's instruction to the jury concerning the presumption arising from possession of stolen property. Our supreme court has held that constructive possession of recently stolen property is sufficient to support the jury instruction. Walker v. State, 896 So.2d 712, 720 n. 5 (Fla.2005).
The defendant argues the detective's testimony regarding the male companion's statement that inculpated the defendant constituted inadmissible hearsay and that the steps leading up to her admission were not sufficiently probative to overcome the prejudice. The State responds, as it did at trial, that the statement was not offered to prove the truth of the matter asserted, but rather to show its affect on the defendant. Further, the State argues that if error occurred, it was harmless.
"A trial court's ruling on the admissibility of evidence will not be disturbed absent abuse of discretion." Sparkman v. State, 902 So.2d 253, 259 (Fla. 4th DCA 2005) (citing Johnston v. State, 863 So.2d 271, 278 (Fla.2003)).
We agree with the State. The statement was not being offered to prove the defendant actually took the purse; she admitted her involvement. Rather, the statement was used to explain the events leading up to the defendant's admission, in other words to qualify it under the "adopted admission," admissible under section 90.803(18)(b), Florida Statutes (2003). While the State did not articulate the "adopted admission" provision of section 90.803(18)(b), the court properly admitted the statement as an "adopted admission" exception to the hearsay rule. State Farm Fire & Cas. Co. v. Levine, 837 So.2d 363 (Fla.2002). This provision provides an exception to the hearsay rule when "a statement... is offered against a party and is... (b) a statement of which the party has manifested an adoption or belief in its truth." § 90.803(18)(b), Fla. Stat. (2004). As such, we find no error in the trial court's admission of the testimony.
We acknowledge that our supreme court has held "that the prejudice of out-of-court statements used to relate accusatory information but offered simply to establish the logical sequence [of the police investigation] outweighs the probative value of such evidence, rendering it inadmissible." Caruso v. State, 645 So.2d 389, 395 (Fla. 1994); see Keen v. State, 775 So.2d 263 (Fla.2000); Wilding v. State, 674 So.2d 114 (Fla.1996); Conley v. State, 620 So.2d 180 (Fla.1993); State v. Baird, 572 So.2d 904 (Fla.1990). Unlike these cases, where the out-of-court statements were not relevant except to prove the truth of the matter *841 asserted, the statement here had independent significance  to qualify the statement as an adopted admission.
Further, we find if any error existed, it was harmless. Here, the victim, although unable to identify the defendant, testified the purse was taken from her vehicle. The defendant admitted taking the purse. Thus, we are convinced "there is no reasonable possibility that the error contributed to the conviction." State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986).
Affirmed.
POLEN, J., and ROTHSCHILD, RONALD J., Associate Judge, concur.