946 So.2d 633 (2007)
Tommy HOLCOMB, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-3669.
District Court of Appeal of Florida, Fourth District.
January 17, 2007.
Carey Haughwout, Public Defender, and Tom Wm. Odom, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Sue-Ellen Kenny, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
Appellant was convicted on several charges of burglary and grand theft. He argues that the court erred in instructing the jury on the inference which can be drawn from the possession of recently stolen property, in regard to an item which was in the bed of the pickup truck he was driving. We reject his argument that it is only actual possession, and not constructive possession, which warrants the instruction.
Appellant was the driver of a pickup truck on the property of a marina, in an area not open to the public, when a security guard confronted another man climbing out of a boat. The man then got in the cab of the truck and appellant started to drive away, but had to stop when he reached a locked gate. The passenger then got out *634 and went over the fence, but appellant was arrested. The boat, and another boat in the same area, had been damaged, and a GPS system from one of the boats was in the bed of the pickup truck. There was no evidence that the man who jumped in the cab of the truck had placed the GPS in the truck bed.
Over appellant's objection the trial court instructed the jury, under Florida Standard Jury Instruction (Criminal) 14.1, that possession of recently stolen property, unless satisfactorily explained, gives rise to an inference that the person in possession knew or should have known that the property was stolen. Appellant argues here, as he did below, that in order for this instruction to be given, appellant had to be in "exclusive and actual possession" of the stolen property. He argues that in this case there was only constructive possession, which he contends is insufficient to support the giving of the instruction.
Appellant primarily relies on Garcia v. State, 899 So.2d 447 (Fla. 4th DCA 2005), in which we reversed convictions of burglary of a dwelling and grand theft because there was insufficient evidence. In Garcia the appellant was a passenger in a van, along with two other passengers and a driver. The van had been used in a burglary ten minutes earlier. Although there was evidence to connect the others to the burglary, there was no evidence the defendant had participated in the burglary or had been in the van at the time of the burglary. We concluded that the mere fact that appellant was in the van containing stolen property was insufficient to prove that appellant was guilty of burglary or grand theft. Appellant relies, for his argument that possession must be actual, on our statement in Garcia to the effect that the inference which arises from the possession of recently stolen property applies "only when the state has proven that the defendant actually possessed the property."
We conclude that our use of the word "actually" in Garcia was not in the sense of the legal distinction between actual and constructive possession, but was rather used in the sense of "in fact" or "indeed." After using the term we went on to explain:
Here, the only evidence of appellant's possession of the victim's recently stolen property was his presence, along with three other people, in the van containing the stolen items. Testimony as to location of the items in the van was conflicting. Yet, even assuming that the property was in the back of the van where appellant was seated, we note that no evidence was presented that appellant had exclusive possession of the stolen property or the ability to exercise any dominion and control over it. Thus, proof that appellant was in the van with the recently stolen property, under these circumstances, is insufficient evidence to support the inference the he committed the burglary and theft. [emphasis added]
Id. at 451. The emphasized language above is consistent with constructive, not actual, possession. We would not have used that language if we had intended to limit the inference to actual possession.
The present case is distinguishable from Garcia, because in this case the proof was that appellant was at the scene of the crime and was the sole occupant and driver of the truck carrying the stolen property. Lee v. State, 835 So.2d 1177, 1179 (Fla. 4th DCA 2002) ("The inference that may be drawn from sole occupancy of a vehicle in which contraband is found, without more, is sufficient to prove a prima facie case of [constructive] possession.").
Appellant acknowledges that in Ferguson v. State, 920 So.2d 838 (Fla. 4th DCA *635 2006), this court stated that Walker v. State, 896 So.2d 712, 720 n. 5 (Fla.2005), held that constructive possession of recently stolen property is sufficient to support the inference instruction. He points out correctly, however, that the word "constructive" is not found in Walker, and argues that case stands only for the proposition that joint possession is sufficient. As a result, he argues, the state is entitled to the instruction only where it can prove actual possession. Walker, however, cited Scobee v. State, 488 So.2d 595 (Fla. 1st DCA 1986), for the proposition that joint possession is sufficient for the instruction. In Scobee the court affirmed the giving of the instruction where the defendant had been at the scene of the theft and the stolen goods were in the station wagon he was driving when he was arrested.
In Walker the issue was not whether the facts supported the instruction, but rather whether the instruction was an impermissible comment on the evidence. The defendant in Walker claimed that he was not aware that the goods were stolen and he was merely helping unload the stolen property from his car. Our supreme court observed in Walker that although the defendant had not been in direct possession of the stolen goods when he was arrested, because they had already been unloaded from the car, there was joint possession which was sufficient to warrant the instruction. Id. at n. 5. Appellant's interpretation of Garcia, which is that it is only actual or not constructive possession which gives rise to the inference, is accordingly contrary to our case law as well as our standard jury instructions.[1]
We accordingly reject appellant's argument that the instruction was improper, as well as his JOA argument, and affirm.
HAZOURI and MAY, JJ., concur.
NOTES
[1] In our research, we discovered that there are some cases which involved non-drug offenses, such as possession of a firearm, which have included, as one of the elements of possession, knowledge of the "illicit nature of the contraband." Blackshear v. State, 771 So.2d 1199 (Fla. 4th DCA 2000) (citing Williams v. State, 724 So.2d 1214 (Fla. 4th DCA 1998)); Gonzalez v. State, 832 So.2d 898 (Fla. 3d DCA 2002); Wilson v. State, 776 So.2d 347 (Fla. 5th DCA 2001); Walker v. State, 733 So.2d 564 (Fla. 2d DCA 1999). Knowledge of the illicit nature of the thing, however, is not an element of the crimes of possession of things such as firearms or other non-drug contraband.