979 So.2d 449 (2008)
Scott Adrian WALDRON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-2007.
District Court of Appeal of Florida, Second District.
April 25, 2008.
*450 James Marion Moorman, Public Defender, and Dan Hallenberg, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Diana K. Bock, Assistant Attorney General, Tampa, for Appellee.
CASANUEVA, Judge.
Scott Adrian Waldron appeals his conviction for burglary of a structure and petit theft, contending that the trial court erred by instructing the jury on the inference arising from the unexplained possession of recently stolen property. Because there was insufficient evidence produced by the State at trial to merit this instruction, we reverse and remand for a new trial.

EVIDENCE BEFORE THE JURY
On February 1, 2006, the building that once housed Walker Memorial Hospital was empty and closed to the public. Its windows were boarded up and some of its doors were welded shut. Its caretaker was checking up on the building and, after entering it, he heard suspicious sounds. He called law enforcement and several officers arrived about fifteen minutes later. When some officers and the caretaker investigated further, they found inside the building two bags of tools, including cutters for bolts and wire, and rolled copper wire and tubing on the floor. The caretaker had been inside the building the day before and had not seen any tools or copper items pulled from the walls at that time.[1]
One of the officers was checking the rear of the building and came upon Mr. Waldron walking on a sidewalk that separated the building from the nearby lake only about a hundred yards away. Mr. Waldron was carrying two fishing poles that the officer noticed were broken and that had lines that were not properly attached. Mr. Waldron's hands were dirty and he had what appeared to be a fresh cut on one. In response to questioning, *451 Mr. Waldron looked nervous and said he had been fishing in the nearby lake, and his hands were dirty because he had been digging for worms. Mr. Waldron admitted to the officer that he had been inside the building and looked around but denied that he had attempted to steal anything.
The copper wiring that was pulled from the walls and ceiling of the building had been encased in a black material that, when handled, left a black, sticky, grimy substance on one's hand. The officer interviewing Mr. Waldron also noticed a similar substance on Mr. Waldron's hands. At trial, Mr. Waldron denied that he had such substance on his hands. There was undisputed evidence at trial that copper was a valuable commodity, then selling for several dollars a pound.
Over objection from defense counsel, the trial court gave the jury the standard instruction on proof of possession of stolen property, which is based on section 812.022(2), Florida Statutes (2005).[2] The instruction tells the jury:
Proof of unexplained possession by an accused of property recently stolen by means of a burglary may justify a conviction of burglary with intent to steal that property if the circumstances of the burglary and of the possession of the stolen property, when considered in the light of all evidence in the case, convince you beyond a reasonable doubt that the defendant committed the burglary.
Fla. Std. Jury Instr. (Crim.) 13.1. At the jury charge conference, the State convinced the trial court to give the instruction by arguing that the evidence showed that Mr. Waldron was in constructive possession of the recently stolen property. The State relied on Holcomb v. State, 946 So.2d 633 (Fla. 4th DCA 2007) (rejecting the defendant's argument that only actual possession and not constructive possession warrants the instruction).

DISCUSSION
Our supreme court has held that this instruction is permissible and not a comment on the evidence. Walker v. State, 896 So.2d 712 (Fla.2005). Because a person's possession of the recently stolen property involves the fruits of the burglary, the possession is "inextricably intertwined with the crime itself." Id. at 719. Unexplained possession of stolen property is sufficient to support a burglary conviction when it occurs as an adjunct to theft. Francis v. State, 808 So.2d 110, 134 (Fla. 2001).
Because it was advanced by the State and relied upon by the trial court, we review Holcomb, 946 So.2d 633. It is, however, distinguishable on its facts, and the trial court ought not to have relied upon it. Mr. Holcomb was found seated behind the steering wheel of a pickup truck in a part of a marina that was not open to the public. When a security guard tried to confront a second man seen exiting a boat, the second man got into the cab of Mr. Holcomb's truck. The two attempted to flee but their flight ended when a locked gate barred their exit from the marina. The second man fled, leaving Mr. Holcomb to be arrested and ultimately charged with burglary and the theft of the recently stolen items located in the bed of his pickup truck. Id. at 633-34.
Here, the evidence is materially different from that in Holcomb. Unlike Mr. Holcomb, who had the stolen items in the bed of the pickup truck he was driving, Mr. Waldron only had fishing poles in his possession, *452 poles that were not claimed to be stolen. Mr. Waldron was outside the building in which the stolen items were discovered, but no evidence was presented that he could exercise dominion and control over those items so far from his reach. Neither did the evidence suggest that Mr. Waldron had dominion and control over the building where the items were located. Although the State correctly relied on Holcomb for the proposition that evidence of constructive possession as well as of actual possession warrants the challenged instruction, the trial court erred in acceding to the State's request for the instruction in the face of the deficiency in the State's evidence.
Approximately one year before Mr. Waldron's trial, in Bronson v. State, 926 So.2d 480 (Fla. 2d DCA 2006), this court discussed when the instruction regarding the inference arising from the possession of recently stolen property should be given. Our record does not disclose that either party brought this case to the trial court's attention.
"To receive the benefit of the statutory inference, the State must establish, pursuant to section 812.022(2), that a defendant had `possession of property recently stolen.' " Id. at 483. Bronson makes clear that to establish the requisite possession, the State must carry the burden of a two-prong evidentiary predicate. Id. In Mr. Waldron's case, the first prong was met because the evidence showed that the copper items were removed from the walls and ceiling of the building without permission. Second, the State must also establish that the defendant had either actual or constructive possession of the property. Id. It is this second predicate that the State failed to lay to warrant the instruction in Mr. Waldron's case.
The evidence that the State presented against Mr. Waldron is insufficient to establish that he had either actual or constructive possession of the copper wire and tubing that was removed from the walls of the former hospital and left on the floor in the building. Although removed from the walls and ceiling, the property had not been removed from the building when the officer discovered Mr. Waldron. Because it was clearly not on his person or in his nearby vehicle, unlike in Holcomb, 946 So.2d at 634, he did not have actual possession of the property. Additionally, because Mr. Waldron was discovered outside the building, there is no record evidence to establish that he had the present ability to exercise dominion and control over the items that remained inside the building. Without proof of this critical element, there can be no support for constructive possession.
In Adams v. State, 693 So.2d 1031 (Fla. 2d DCA 1997), this court reversed a conviction for grand theft by a jury that had been given the instruction on the inference arising from possession of recently stolen property. We noted:
The state did not present competent, substantial evidence to support Adams' conviction for grand theft. Although the circumstantial evidence strongly suggests guilt, the state did not prove that Adams took the truck from the service department's parking lot. The state proved that the pickup truck was parked "nearby" when Adams and her husband were arrested at a motor home six months after the truck was stolen from the lot. However, the state did not prove that Adams or her husband were in possession of the truck. Thus, the state cannot rely on the inference arising from the possession of recently-stolen property.
Id. at 1032 (citation omitted). "The state must demonstrate that the possession was personal, i.e., involved a distinct and conscious *453 assertion of possession by the accused, and that the possession was exclusive." Bozeman v. State, 931 So.2d 1006, 1008 (Fla. 4th DCA 2006) (affirming conviction for grand theft of a Chevrolet that was being pushed by a Mazda driven by defendant); see also K.C.B. v. State, 715 So.2d 1083, 1083-84 (Fla. 3d DCA 1998) (finding insufficient evidence to support dominion and control element of constructive possession of contraband found in an apartment into which the defendant ran when he was chased by police, but for which he did not have a key and did not own or occupy; such evidence "establishes nothing more than mere presence"). Because the State's evidence did not meet the requirements of the predicate's second prongto show that the defendant had actual or constructive possession of the recently stolen propertyit was error to give the challenged instruction.

CONCLUSION
This case presented a highly contested, heavily factual scenario. Without the benefit of the inference provided by the challenged instruction, we are unable to conclude that there is no reasonable probability that the error contributed to this conviction. Thus, the State has not met its burden to establish that the error was harmless. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986) (holding that harmless error is found only when there is no reasonable possibility that the error contributed to verdict).
Reversed and remanded for a new trial.
SALCINES and VILLANTI, JJ., Concur.
NOTES
[1] When the caretaker again checked the building a few days later, he noticed that the board covering a glass entrance door had been pried loose at the bottom and the glass panel of the door was knocked down, thus allowing access to the building but concealing the point of entry.
[2] Section 812.022(2) provides in relevant part: "proof of possession of property recently stolen, unless satisfactorily explained, gives rise to an inference that the person in possession of the property knew or should have known that the property had been stolen."