WALLACE, Judge.
Jose 0. Perez challenges the order of the postconviction court summarily denying his motion filed in accordance with Florida Rule of Criminal Procedure 3.850. We affirm without comment the denial of all the claims raised in the motion except one. We reverse the denial of Perez’s claim that counsel was ineffective for failing to call witnesses, and we remand for further proceedings on that claim.
Following a jury trial, Perez was convicted of second-degree murder with a firearm. The State presented eyewitness testimony that after Perez had a confrontation with the victim, Perez pulled out a gun and fatally shot him. Then, Perez jumped into the passenger side of a Ford Expedition and left the scene. A deputy heard the gunshots and stopped the Expedition. The deputy testified that Perez was driving the vehicle. The deputy searched the vehicle and its four occupants but found no firearms.
Perez testified at trial that the victim confronted him, took off his shirt, and “clutched,” meaning that the victim pretended to reach for an imaginary gun in his pocket. Perez went back to the Expedition and ducked down when he heard gunshots. When he looked up, his friend Javier Avila was standing over the victim. Perez saw Avila shoot the victim one more time. Avila got into the back seat of the Expedition, and Perez drove away.
In ground three of the motion, Perez claimed that his trial counsel was ineffective for failing to investigate and call Gilbert Guerrero and Ben Gonzalez as witnesses at trial. Perez alleged that these witnesses would testify that they saw Avila shoot the victim and enter the Expedition on the rear passenger side when they fled the scene. They would testify further that when the deputy was behind them with lights and sirens activated, Avila screamed at Perez, “Don’t give up on me man. Don’t nobody say I did nothing man.” Perez alleged further that he gave counsel Guerrero’s and Gonzalez’s addresses and *225 telephone numbers. He advised counsel that he had spoken to Guerrero several times since the incident and Guerrero “stated that he would come testify for the defendant if he had to and would talk to Ben Gonzalez because they both knew that ‘Javier’ shot and killed [the victim].” Perez alleged that before trial, counsel informed him that he had not contacted these witnesses because he thought that, more likely than not, they would not be good witnesses and the jury would not believe them.
To establish a facially sufficient claim of failure to call a witness, the defendant must provide the identity of the prospective witness, the substance of the witness’s testimony, an explanation about how the omission of this evidence prejudiced the outcome of the trial, and an assertion that the witness was available to testify. See Barthel v. State, 882 So.2d 1054, 1054-55 (Fla. 2d DCA 2004) (citing Nelson v. State, 875 So.2d 579, 582-83 (Fla.2004)). To establish prejudice, the defendant must show, based on the circumstances of the case, “ ‘that there is a likelihood that the deficient conduct affected the outcome of the court proceedings.’ ” Nelson, 875 So.2d at 583 (quoting Smith v. State, 445 So.2d 323, 325 (Fla.1983)). In the present case, Perez sufficiently alleged prejudice when he asserted that the witnesses’ testimony would have established a reasonable doubt and that, absent counsel’s deficient performance, the outcome of the proceedings would have been different.
The postconviction court found Perez’s claim to be facially insufficient because Perez did not allege that the witnesses would have been available to testify as required by Nelson. The postconviction court noted that Perez had amended grounds six and seven but had failed to amend ground three. However, the post-conviction court had not previously dismissed this ground as facially insufficient.
Perez’s claim that he advised counsel that he had spoken with Guerrero several times since the incident and that Guerrero told him that he would testify at trial on his behalf was a sufficient allegation that Guerrero was available to testify. However, Perez merely alleged that Guerrero told him that he would talk to Gonzalez about testifying. This did not constitute a sufficient allegation that Gonzalez would have been available to testify. In Spera v. State, 971 So.2d 754, 762 (Fla. 2007), the Supreme Court of Florida held that a defendant should only be allowed to amend facially insufficient rule 3.850 pleadings if they can be amended in good faith. In this instance, Perez should have been provided with an opportunity to amend the claim to allege that Gonzalez was available to testify, if he can do so in good faith.
Although the postconviction court found that the claim was facially insufficient, it also denied the claim on the merits. The court found that Gonzalez’s and Guerrero’s testimony would have been cumulative to that of Perez, citing to Darling v. State, 966 So.2d 366 (Fla.2007). In Darling, the Supreme Court of Florida held that trial counsel was not ineffective for failing to call Darling’s father to testify in the penalty phase of a murder trial regarding his abuse of Darling when Darling was a child. Id. at 377. Although the father’s testimony would have been more detailed, Darling’s psychiatrist, his mother, and his sister had testified to the abuse, and counsel was not ineffective in failing to present cumulative evidence under these circumstances. Id.
However, this court has held in two prior cases that the alleged testimony of witnesses who had not been called was not cumulative even though the testimony may have duplicated the defendant’s trial testi *226 mony to some extent. Solorzano v. State, 25 So.3d 19 (Fla. 2d DCA 2009); Balmori v. State, 985 So.2d 646 (Fla. 2d DCA 2008). In Solorzano, this court concluded that the testimony of a relatively disinterested witness would have differed in quality from that provided by Solarzano and his other witness, who was too drunk to walk unaided. Therefore, the jury would have given greater weight to the testimony of the disinterested witness. 25 So.3d at 25. Because of the difference in the quality of the testimony, we held that the trial court abused its discretion in finding the testimony to be cumulative and in denying relief on this ground. Id.
In Balmori, the police found a trafficking amount of heroin in Balmori’s vehicle when he was stopped while driving from Miami to Sarasota. 985 So.2d at 647. Balmori alleged that he advised counsel of documentary evidence and the testimony of potential witnesses that would have supported the defense theory that he had been “set up.” Id. at 648. This court reversed and remanded for further proceedings on Balmori’s claims, stating:
We find that, taking all of the allegations in claims three and five of Mr. Balmori’s postconviction motion as true where not refuted by the record, providing independent business records would have corroborated his claims that he drove to Miami for a legitimate reason and that others had access to his vehicle immediately before the trip. To be sure, this documentary evidence may have been duplicative of the content of Mr. Balmo-ri’s testimony, but it was not duplicative of its evidentiary value. Instead, the force of this evidence would have been incremental in value to Mr. Balmori’s testimony. Similarly, the testimony of the witnesses who were not interviewed or called to testify by counsel — especially where they were independent of Mr. Balmori — would likely have incrementally increased his credibility with the jury.
Id. at 650. This court concluded: “Because we are required to accept Mr. Bal-mori’s allegations as true for the purpose of this review, the corroborating evidence and testimony could possibly have provided the incremental amount of reasonable doubt necessary to win an acquittal.” Id. at 651.
In this case, accepting Perez’s sworn allegations as true, we conclude that the testimony of Guerrero and Gonzalez would likely have incrementally increased Perez’s credibility with the jury even though these witnesses may not have been independent of Perez. Some of the testimony of the State’s two eyewitnesses was contradictory, and the testimony of Gonzalez and Guerrero that Avila was the shooter and Perez was the driver as they fled the scene was consistent with the testimony of the deputy who stopped the Expedition almost immediately after hearing gunshots and determined that Perez was driving. Furthermore, there is no indication that Guerrero and Gonzalez were charged with any offense arising out of this incident, and the jury may have found them more credible than Perez.
The postconviction court also found that the failure to call the witnesses constituted trial strategy because Perez alleged that counsel had determined that the jury would not believe them. A facially sufficient claim that counsel was ineffective in failing to call witnesses generally requires an evidentiary hearing. See Jacobs v. State, 880 So.2d 548, 555 (Fla.2004). The purpose of the evidentiary hearing is to determine whether trial counsel acted reasonably in not presenting the alleged exculpatory evidence. Id. The Jacobs court held that the presence of evidence of guilt in the record in that case did not rebut the claim. Id. Furthermore, this *227 court has held that although attorneys are given great latitude with regard to strategy and trial tactics, a denial of a claim of ineffective assistance based on a finding that counsel was engaging in reasonable trial strategy generally should only be made after an evidentiary hearing. Porter v. State, 626 So.2d 268, 269 (Fla. 2d DCA 1993).
Therefore, we reverse that portion of the order denying ground three of Perez’s motion. On remand, the postconviction court shall provide Perez with a reasonable time to amend the claim if he can do so in good faith to allege that Gonzalez was available to testify. If Perez is able to present a facially sufficient claim that counsel was ineffective in failing to call both Guerrero and Gonzalez to testify at trial, the postconviction court shall conduct an evidentiary hearing on the claim as a whole. Otherwise, the court shall conduct a hearing on the claim only to the extent that counsel was ineffective in failing to call Guerrero.
Affirmed in part, reversed in part, and remanded.
NORTHCUTT and SILBERMAN, JJ., Concur.