ORFINGER, J.
Richard Midgette appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 8.850. We affirm the trial court’s order denying relief on Grounds One, Two, Three, and Four without discussion. However, we reverse and remand the claims designated “Ground Two Sub-Claim” and Ground Five for further proceedings.
Following a trial, Midgette was convicted of burglary of a dwelling and grand theft. Midgette asserts that his counsel was ineffective for failing to object to a jury instruction establishing an inference that a burglary or theft conviction may b'e justified, in part, by an accused’s unexplained possession of recently stolen property. This instruction is based on section 812.022(2), Florida Statutes (2006), which provides that “proof of possession of property recently stolen, unless satisfactorily explained, gives rise to an inference that the person in possession of the property knew or should have known that the property had been stolen.” See, e.g., Nshaka v. State, 92 So.3d 848, 847 (Fla. 4th DCA 2012). However, this inference only arises when the accused’s possession of recently stolen goods is -personal and exclusive, or from the accused’s distinct and conscious assertion of possession. Ridley v. State, 407 So.2d 1000, 1001 (Fla. 5th DCA 1981). If there is joint possession, the suspects must be acting in concert. See Walker v. State, 896 So.2d 712, 720 n. 5 (Fla.2005) (explaining that joint possession of two or more persons acting in concert is “exclusive” as to any of them). Merely sharing the location where stolen property was found with others, does not support the inference instruction. See Walton v. State, 404 So.2d 776, 777 (Fla. 1st DCA 1981) (holding that joint posses *769 sion of duplex and shed where stolen property found was insufficient). Likewise, “[m]ere knowledge that an offense is being committed and mere presence at the scene of the crime are insufficient to establish participation in the offense.” Garcia v. State, 899 So.2d 447, 450 (Fla. 4th DCA 2005) (holding inference not permitted where defendant was one of several people in van containing stolen property, but there was no proof that he exercised dominion or control over property). Similarly, mere presence nearby while someone else possesses stolen property is also not sufficient to create the inference of guilt. Waldron v. State, 979 So.2d 449 (Fla. 2d DCA 2008) (holding presence outside of burglary location, even with nervous behavior and dirty hands, did not support inference); Bronson v. State, 926 So.2d 480 (Fla. 2d DCA 2006) (holding inference not supported where defendant was passenger in another’s truck containing stolen property without other links to crime); Adams v. State, 693 So.2d 1031 (Fla. 2d DCA 1997) (holding no inference permitted where defendant arrested “nearby” truck, taken from repair location without payment, absent any showing that defendant moved it); Chamberland v. State, 429 So.2d 842 (Fla. 4th DCA 1983) (holding inference not permitted though defendant watched roommate install stolen air conditioner in their shared apartment); see also K.C.B. v. State, 715 So.2d 1083 (Fla. 3d DCA 1998) (holding defendant did not possess cocaine where merely sitting near cocaine in another’s apartment); cf. Holcomb v. State, 946 So.2d 633 (Fla. 4th DCA 2007) (holding inference proper where defendant was driver of getaway truck containing stolen goods).
Midgette contends that he was simply present outside the burgled building and in or near the house where the stolen property was ultimately found, as is more fully set forth in his Ground Five. Midgette’s theory of defense at trial was misidentifi-cation at the scene of the crime. However, the inference of guilt arising from possession of recently stolen goods would have negated his defense theory. The jury could have inferred guilt from Midgette’s presence at the scene of the crime and the location where the stolen goods were found. Midgette’s claim on this ground is facially sufficient and should not have been summarily denied.[1]
In Ground Five, Midgette argues that trial counsel was ineffective for failing to investigate, interview, and call as witnesses his brother, and co-defendant, Matthew Midgette, and his other co-defendant, Stevie Ricks. He alleges that both witnesses were available to testify and would have testified that, while Midgette was present at the burglarized house, he did not engage in any of the criminal behavior. This claim is facially sufficient. See Nelson v. State, 875 So.2d 579, 583-84 (Fla.2004) (requiring defendant “to allege what testimony defense counsel could have elicited from witnesses and how defense counsel’s failure to call, interview, or present the witnesses who would have so testified prejudiced the case,” as well as that witnesses would have been available to testify)-
The trial court rejected this claim, concluding that the proposed testimony would have conflicted with trial counsel’s strategy. However, as the trial court acknowledged, “a denial of a claim of ineffective assistance based on a finding *770 that counsel was engaging in reasonable trial strategy generally should only be made after an evidentiary hearing.” Perez v. State, 128 So.3d 223, 227 (Fla. 2d DCA 2013) (citing Porter v. State, 626 So.2d 268, 269 (Fla. 2d DCA 1993)); see Glover v. State, 996 So.2d 885, 888 (Fla. 4th DCA 2008); Rutledge v. State, 786 So.2d 1199, 1200 (Fla. 4th DCA 2001) (citing Harris v. State, 768 So.2d 1179, 1183 (Fla. 4th DCA 2000)). As the State notes, there is an exception to the necessity of a hearing when “it is so obvious from the face of the record that trial counsel’s strategy not to present a [particular] defense is very clearly a tactical decision well within the discretion of counsel.... ” Hannon v. State, 941 So.2d 1109, 1138 (Fla.2006). We do not find that the facts alleged here fall into that narrow exception. The summary denial of relief on this ground was error. See Perez, 128 So.3d at 227; Rutledge, 786 So.2d at 1200.
We affirm the trial court’s order summarily denying Midgette’s motion as to Grounds One, Two, Three, and Four, but reverse and remand as to “Ground Two Sub-Claim” and Ground Five for attachment of record excerpts that conclusively refute those claims or for an evidentiary hearing.
AFFIRMED in part; REVERSED in part; REMANDED.
TORPY, C.J. and BERGER, J., concur.

. Though the State asserts that the complete trial transcripts show that Midgette was acting in concert with his brother, it also concedes that the record attachments do not conclusively refute this claim.