NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JOHN COX,                                   )
                                            )
        Appellant,                   )
                                            )
v.                                          )        Case No. 2D14-5700
                                            )
STATE OF FLORIDA,                           )
                                            )
        Appellee.                    )
_____ )

Opinion filed March 11, 2016.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Glades County; Jack E. Lundy, Judge.

John Cox, pro se.

SILBERMAN, Judge.

        John Cox appeals the order summarily denying his motion for

postconviction relief filed under Florida Rule of Criminal Procedure 3.850. We reverse

the denial of those portions of Mr. Cox's motion that the postconviction court identified

as the second and fourth claims. We affirm without comment the remaining portions of

the postconviction court's order.

        On June 11, 2010, a jury found Mr. Cox guilty of battery while wearing a

mask and robbery while possessing a firearm and wearing a mask. The crimes

occurred at a convenience store, and the cashier was the victim of both crimes. The

victim could not identify the men who robbed and battered her. However, a latent print that matched Mr. Cox's left ring fingerprint was found on the inside of the cash register drawer, and surveillance video showed that one robber likely placed his bare hand at that location. The trial court sentenced Mr. Cox to concurrent terms of five years' imprisonment for the battery and seventeen years' imprisonment with a ten-year minimum mandatory for the robbery. Mr. Cox appealed his judgments and sentences, and this court affirmed without written opinion. Cox v. State, 88 So. 3d 159 (Fla. 2d DCA 2011) (table decision).

Mr. Cox filed a timely one-claim rule 3.850 motion that lacked the certification required by rule 3.850(n). The postconviction court dismissed that motion without prejudice to Mr. Cox's right to file a proper motion within the time remaining under rule 3.850(b). Mr. Cox filed a timely motion and amendment to that motion asserting multiple grounds for relief. The postconviction court ordered the State to respond. Despite the State's concession that Mr. Cox was entitled to an evidentiary hearing on his fourth claim, the court entered an order summarily denying the motion.

In his second claim, Mr. Cox asserted that his trial counsel was ineffective for not calling a fingerprint expert to rebut the testimony of the State's fingerprint expert. The State's expert testified that twelve points on the latent print recovered from the inside of the cash register drawer matched Mr. Cox's left ring fingerprint. The postconviction court found that Mr. Cox's claim was insufficiently pleaded because he failed to specify how the State's expert's analysis was unreliable and did not state the substance of the proposed expert's testimony as required by Nelson v. State, 875 So. 2d 579, 583 (Fla. 2004). The postconviction court added that the State's expert was

well-trained, so that "it is highly doubtful that an expert would have been able to rebut his testimony." The court also noted that trial counsel used closing argument to attempt to discredit the State's expert's testimony.

The postconviction court correctly found that this claim was insufficiently pleaded because Mr. Cox did not provide the substance of the proposed expert's testimony. Nelson, 875 So. 2d at 583 ("[A] defendant would be required to allege what testimony defense counsel could have elicited from witnesses and how defense counsel's failure to call, interview, or present the witnesses who would have so testified prejudiced the case.").[1] But the postconviction court reversibly erred in summarily denying this claim without first affording Mr. Cox the opportunity to amend to state a facially sufficient claim for relief. See Fla. R. Crim. P. 3.850(f)(3) ("If the motion sufficiently states one or more claims for relief and it also attempts but fails to state additional claims, and the motion is timely filed under this rule, the court shall enter a nonappealable order granting the defendant 60 days to amend the motion to sufficiently state additional claims for relief.").

In his fourth claim, Mr. Cox asserted that his trial counsel was ineffective for failing to present the alibi testimony of his aunt and cousin. He stated they would have testified that he was babysitting his aunt's children at her house when the crimes occurred. Mr. Cox alleged that he provided their names and addresses to trial counsel, they were available to testify, and trial counsel listed both as alibi witnesses. As

---

[1]In State v. Lucas, 41 Fla. L. Weekly S19, S21 (Fla. Jan. 28, 2016), the Florida Supreme Court discussed Nelson and explained that for a defendant to state a sufficient postconviction claim concerning trial counsel's failure to consult and present an expert in a particular field, the defendant "need not, in every case, name a specific expert and attest that the specific expert would have been available to testify at trial."

prejudice, Mr. Cox alleged that evidence that he was babysitting at the time of the crimes would have undermined the fingerprint expert's opinion that the latent print was his and, as a result, the outcome of his trial would have been different.

In its response, the State conceded that Mr. Cox's allegation regarding his cousin was facially sufficient and could not be conclusively refuted by the record. The State acknowledged that Mr. Cox was entitled to an evidentiary hearing on that portion of his claim. As to the allegation concerning Mr. Cox's aunt, the State asserted that a detective testified at trial about a conversation with Mr. Cox during which Mr. Cox claimed that at the time of the robbery he was babysitting at his aunt's house. The State maintained that the jury heard the alibi defense based on the detective's testimony. The State also argued that trial counsel made a strategic decision not to call Mr. Cox's aunt. It attached a portion of the trial transcript in support of that argument that stated the following:

> MR. CLEARY [defense counsel]: After they rest, Judge, we are going to make our motions.
>
> THE COURT: Yes. While they are -- have you talked to him yet? You have one witness you are going to call?
>
> MR. CLEARY: Judge, I don't believe, based on . . . the testimony, I don't believe we are going to call her after all.

Despite the State's partial concession, the postconviction court summarily denied the claim as to both Mr. Cox's aunt and his cousin, giving two reasons. First, the court stated that the jury heard the alibi defense based on the detective's testimony that Mr. Cox said he had been babysitting at his aunt's house at the time of the robbery. The court concluded that testimony by the aunt and cousin would have been cumulative to the detective's testimony. Second, the court found that trial counsel's decision not to

call alibi witnesses appeared to be a reasonable strategic decision not subject to postconviction attack.

We conclude that neither of these reasons supports the denial of relief. Although the postconviction court determined that the alibi testimony would have been cumulative to Mr. Cox's statement as related through the detective's testimony, the alibi testimony would have differed in quality and thus would not have been cumulative. See Perez v. State, 128 So. 3d 223, 226 (Fla. 2d DCA 2013) (concluding that the testimony of two witnesses who would have testified that another person fatally shot the victim would not have been cumulative to the defendant's testimony that he did not shoot the victim; although the proffered testimony would be duplicative of Mr. Perez's testimony, it "would likely have incrementally increased Perez's credibility with the jury even though these witnesses may not have been independent of Perez"); Solorzano v. State, 25 So. 3d 19, 25 (Fla. 2d DCA 2009) (holding that exculpatory evidence from a relatively disinterested witness could not be cumulative to Mr. Solorzano's self-serving testimony and that of his intoxicated friend because it would have "differed in quality" and "would have been given greater weight by the jury"); Balmori v. State, 985 So. 2d 646, 650 (Fla. 2d DCA 2008) (holding that documentary and testimonial evidence that supported Mr. Balmori's theory of defense that he had unwittingly been used as a drug mule would not have been cumulative even though it may have been duplicative of the content of Mr. Balmori's testimony because "it was not duplicative of its evidentiary value" and "would likely have incrementally increased his credibility with the jury").

As to the postconviction court's determination that counsel's decision to not call alibi witnesses appeared to be a reasonable strategic decision, the portion of

the record on which the court relied, which was attached to the State's response, simply does not establish that counsel's conduct was reasonable. In Perez, we reiterated that "[a] facially sufficient claim that counsel was ineffective in failing to call witnesses generally requires an evidentiary hearing." 128 So. 3d at 226. This enables the postconviction court to determine whether trial counsel's conduct in not presenting exculpatory evidence was reasonable. Id. While an evidentiary hearing may not always be required, here the cited record portion does not conclusively resolve the issue.

Therefore, we reverse those portions of the postconviction court's order that summarily denied Mr. Cox's second and fourth claims and remand for further proceedings. On remand, the postconviction court shall provide Mr. Cox sixty days to amend his second claim.

Reversed and remanded.

MORRIS and LUCAS, JJ., Concur.