DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOSE RAMON NIEVES RIVERA,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2024-2528

[August 27, 2025]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Michael J. Linn, Judge; L.T. Case No. 2015CF000353 A.

Michael Ufferman of the Michael Ufferman Law Firm, P.A., Tallahassee, for appellant.

James Uthmeier, Attorney General, Tallahassee, and Paul Patti, III, Senior Assistant Attorney General, West Palm Beach for appellee.

KLINGENSMITH, J.,

Appellant Jose Ramon Nieves Rivera appeals the summary denial of his amended Florida Rule of Criminal Procedure 3.850 motion, which asserted four claims of ineffective assistance of counsel and a fifth claim of cumulative error. In both claims one and three, Appellant alleged defense counsel was ineffective for failing to present witnesses at trial supporting his self-defense theory. In claim five, Appellant argued he is entitled to a new trial in light of the cumulative error in his case. We affirm without discussion as to claim two, where Appellant alleged defense counsel was ineffective for failing to object to improper jury instructions.[1] We reverse and remand for further proceedings as to claims one, three, and five.

The charges in this case arose from allegations that Appellant, during a late night argument, shot at three victims, one of whom was killed. Appellant claimed self-defense at trial, but was ultimately found guilty of

---

[1] Appellant is not appealing claim four, which alleged that defense counsel was ineffective for failing to present DNA evidence.

first-degree murder with a firearm, attempted first-degree murder with a firearm, aggravated battery, and discharging a firearm in public or on a residential property. The trial court sentenced Appellant to a mandatory-minimum term of life imprisonment for the murder, life imprisonment for the attempted murder, fifteen years for the aggravated battery, and one year for discharging a firearm. We affirmed Appellant's direct appeal. *Nieves Rivera v. State*, 300 So. 3d 757 (Fla. 4th DCA 2020).

Appellant subsequently filed his amended rule 3.850 motion. The trial court denied all of the claims without an evidentiary hearing. On appeal, Appellant argues the trial court erred in summarily denying the claims. As stated above, we agree as to claims one and three only.

To state a facially sufficient ineffective assistance claim based on counsel's failure to call a witness, the defendant must (1) identify the witness, (2) specify the content of his or her testimony, (3) allege that he or she was available to testify at trial, and (4) sufficiently allege that the failure to call the witness to testify resulted in prejudice. *McCullough v. State*, 247 So. 3d 6, 7 (Fla. 4th DCA 2018) (citation omitted).

As to claim one, Appellant alleged that "[t]he key (and arguably only) issue at trial was whether [he] was justified in using force to defend himself," yet "counsel failed to present a use of force expert to help support this defense." Appellant identified a proposed expert, a former law enforcement officer with a doctorate in psychology, and submitted the expert's report. The report used trial records and a "summary of events as described by Appellant" to form opinions regarding the series of events, ultimately concluding "the evidence support[ed] a finding of self-defense." The expert also stated he was familiar with concepts allegedly applicable to the case, such as the "reactionary gap," "relative positioning," "theory of escalation and de-escalation," "proportionality," "force continuum," "survival stress," and "fight-flight phenomena."

Appellant's motion asserted the expert would be permitted to testify about these concepts, which were "all things that would *not* be within the ordinary knowledge of the average juror (and all things that are necessary for properly assessing whether [Appellant]'s use of force was reasonable in this case)." Appellant also asserted the expert could testify regarding the threat caused by multiple attackers and as to general principles of self-defense. Moreover, Appellant stated he was prejudiced by counsel's failure to present such testimony because, "[h]ad the jury heard from a use of force expert, there is a reasonable probability that the jury would not have returned a guilty verdict."

2

As to claim three, Appellant identified three individuals who were available to testify at trial as to the victims' reputations for being violent and aggressive. *See Antoine v. State*, 138 So. 3d 1064, 1074 (Fla. 4th DCA 2014) ("A victim's reputation for violence is admissible in self-defense cases, regardless of the defendant's knowledge, to demonstrate that the victim was the aggressor."); *Mohler v. State*, 165 So. 3d 773, 775 (Fla. 2d DCA 2015) ("Reputation evidence of the victim is admissible as circumstantial evidence to prove that the victim acted consistently with his or her reputation for violence."). Appellant alleged he was prejudiced by counsel's failure to call these witnesses because the testimony would have supported his defense theory, "i.e., that the alleged victims were the aggressors, on the night in question they acted consistently with their reputations for violence and aggression, and [Appellant's] actions were justifiable self-defense."

In both claims one and three, Appellant (1) identified the proposed witnesses, (2) explained what the proposed testimony would be, (3) alleged the witnesses were available to testify, and (4) explained how he was prejudiced by counsel's failure to call the witnesses to support his self-defense theory. Thus, both claims are facially sufficient.

"A facially sufficient claim that counsel was ineffective in failing to call witnesses generally requires an evidentiary hearing." *Perez v. State*, 128 So. 3d 223, 226 (Fla. 2d DCA 2013) (citing *Jacobs v. State*, 880 So. 2d 548, 555 (Fla. 2004)); *see also Terrell v. State*, 9 So. 3d 1284, 1289 (Fla. 4th DCA 2009) ("Ordinarily, where . . . the defendant has identified specific exonerating testimony which could have been provided by an expert, an evidentiary hearing will be required to determine whether the decision not to present the expected testimony was tactical or an unprofessional failure on the part of appointed counsel.") (citations omitted). "The purpose of the evidentiary hearing is to determine whether trial counsel acted reasonably in not presenting the alleged exculpatory evidence." *Perez*, 128 So. 3d at 226 (citing *Jacobs*, 880 So. 2d at 555).

In denying claims one and three, the trial court determined that, even if the witnesses had testified, the outcome of the trial would not have been different "[g]iven the evidence and testimony presented at trial." However, as the Florida Supreme Court has explained:

> [A] claim of ineffectiveness in failing to present important exculpatory evidence cannot be resolved on the basis of the mere existence of conflicting evidence in the record. Rather, the record evidence must *conclusively* rebut the claim if the claim is to be resolved without a hearing. For example, if the

3

record demonstrated that these witnesses had actually testified, the claim would obviously be conclusively rebutted.

*Jacobs*, 880 So. 2d at 555.

Therefore, Appellant's claims one and three warrant an evidentiary hearing. The trial court's conclusion that Appellant cannot demonstrate prejudice cannot be made based on the records incorporated into the court's order. Accordingly, the portion of the order denying claims one and three is reversed and remanded for either an evidentiary hearing or the attachment of records conclusively refuting the claims. *See Joseph v. State*, 304 So. 3d 17, 19-20 (Fla. 4th DCA 2020) (reversing summary denial of a claim that counsel was ineffective for, *inter alia*, "failing to introduce evidence of the victim's reputation for violence," and concluding claim "was sufficient to warrant an evidentiary hearing or attachment of records to refute the claim"); *Lucas v. State*, 147 So. 3d 611, 612 (Fla. 4th DCA 2014) ("Appellant's motion [alleging ineffective assistance based on failing to hire an expert] sufficiently explained the relevance and substance of the expected testimony and alleged that the outcome of the proceedings would have been different."); *Perez*, 128 So. 3d at 225 ("In the present case, [appellant] sufficiently alleged prejudice when he asserted that the witnesses' testimony would have established a reasonable doubt and that, absent counsel's deficient performance, the outcome of the proceedings would have been different.").

We do not need to address claim five, cumulative error, as it will be considered by the trial court on remand. *See Robledo v. State*, 359 So. 3d 850, 853 (Fla. 2d DCA 2023) ("Finally, because we reverse with respect to more than one claim of ineffective assistance of trial counsel, the postconviction court must also reconsider [appellant's] claim of cumulative error."); *Davidson v. State*, 278 So. 3d 741, 744 (Fla. 5th DCA 2019) ("Because we are reversing and remanding for an evidentiary hearing as to the two claims discussed above, we likewise reverse the summary denial of the cumulative error claim for further consideration.").

*Affirmed in part, reversed in part, and remanded for further proceedings.*

CIKLIN and LEVINE, JJ., concur.

\*　　　\*　　　\*

**Not final until disposition of timely filed motion for rehearing.**