# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D2024-1779
LT Case No. 2014-CF-022524-A

———————————————

DAVID STUART KLUG,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

———————————————

3.850 Appeal from the Circuit Court for Brevard County.
Charles Grooms Crawford, Judge.

Laura L. Cepero and William R. Ponall, of Ponall Law, Maitland, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Rebecca Rock McGuigan, Assistant Attorney General, Daytona Beach, for Appellee.

October 24, 2025

WALLIS, J.

    Appellant appeals the summary denial of his Florida Rule of Criminal Procedure 3.850 Motion For Postconviction Relief. We reverse and remand for consideration of all of Appellant's claims.

In ground 1 of his motion, Appellant alleged that two witnesses were available at the time of his trial to challenge the credibility of the victim with prior inconsistent statements that would call into question the reliability of the CPT interview regarding the description and frequency of Appellant's criminal conduct. Although the trial court found that the victim was impeached during the trial, her credibility was central to this case, making the presentation of these additional witnesses important to Appellant's defense. The trial court failed to attach documents refuting Appellant's position and did not provide additional reasoning as to how the presentation of these witnesses' testimony was immaterial. Therefore, we reverse the denial of ground 1 and order the trial court to attach supporting documentation as well as an explanation of his reasoning for this ruling. *See Terry v. State*, 369 So. 3d 339, 341 (Fla. 5th DCA 2023) ("[W]hen a trial court summarily denies a rule 3.850 claim and fails to attach a copy of portion of the files and records in the case that conclusively shows that the defendant is not entitled to relief, then the proper remedy is to remand the matter back to the trial court to attach the records that conclusively refute the defendant's claims or to set the matter for an evidentiary hearing.").

In ground 2 of his motion, Appellant alleged that his attorney should have challenged the CPT interview that was admitted into evidence at trial. Specifically, trial counsel should have called an expert witness that would critique the CPT interviewer's use of interviewing techniques. The postconviction court denied Appellant's requested expert testimony, apparently finding that because the interview was determined to be admissible pretrial, Appellant was precluded from challenging the interview before the jury. The trial court has not cited any authority for this position. We reverse this ground for the trial court to provide support for its position specifically regarding the expert witness. *See id.*

In ground 3 of his motion, Appellant alleged that Agent Stake's statement, "I mean, [S.C.] seems to be a very kind-hearted — and she care [sic] about you and the family very much, and it wasn't a situation where she came forward" should have been redacted as improper bolstering of the victim and irrelevant character evidence. The trial court noted that Appellant's trial

counsel had redacted other statements and found that the prejudice of this specific statement was not demonstrated. The record on appeal indicates that the trial court concluded without citing to any authority that because the other redactions were made that this additional redaction was legally unnecessary. We reverse this ground for further reconsideration. *See id.*

In ground 4 of his motion, Appellant alleged that his trial counsel should have called six witnesses that were identified as friends and coworkers to testify regarding his reputation in his community for truthfulness. The trial court concluded that this ground was insufficiently pled due to the omission of certain specifics to determine the admissibility of the proposed reputation evidence. This conclusion necessarily requires the postconviction court to strike this claim and afford Appellant an opportunity to amend. *See* Fla. R. Crim. P. 3.850(f)(2); *Rish v. State*, 268 So. 3d 233, 234–35 (Fla. 5th DCA 2019). Regarding this issue, the postconviction court also characterized these witnesses as "a narrow segment of the community" without any record or legal citation. We reverse and remand this ground to either be stricken with an opportunity to amend, or for an evidentiary hearing. *See Rish*, 268 So. 3d at 235.

In ground 5 of his motion, Appellant alleged that, following the prosecutor's statement that "[l]adies and gentlemen, a person who is not guilty of that would never have said that statement to law enforcement," his trial counsel improperly objected that this was an impermissible comment on the right to remain silent. Appellant contends that the proper objection should have been burden-shifting. The trial court failed to attach any records to refute this claim. We reverse for the trial court to either conduct an evidentiary hearing or for this ground to be stricken with Appellant afforded an opportunity to amend. *See id.*

In ground 6 of his motion, Appellant alleged that his trial counsel rendered deficient performance for failing to object to the jury taking the CPT interview into the jury room during deliberations. Appellant cites to *Young v. State*, 645 So. 2d 965 (Fla. 1994), as support for his position. The trial court, without any record citation, determined that this ground was mere conjecture and speculation and that Appellant did not suffer any

3

prejudice. The trial court has failed to conclusively refute this ground with record attachments and provided no clear reason why this ground was insufficiently pled. We reverse and remand this ground for further consideration.

Finally, in ground 7 of his motion, Appellant alleged that his trial counsel's advice to reject a plea offer of five years in prison followed by lifetime registration as a sexual offender was ineffective assistance of counsel because the trial court had already concluded that the victim's child hearsay statements would be admissible at trial. The postconviction court summarily denied this relief concluding that because Appellant did not specify the timeframe within which the plea offer was made, he could not establish whether counsel's advice was reasonable and that just because Appellant failed at trial did not render the advice necessarily unreasonable. Appellant has alleged the necessary elements for this ground. The trial court has failed to attach any records refuting Appellant's claim here. The reasonability of counsel's advice for this ground requires an evidentiary hearing. *See Hipley v. State*, 333 So. 3d 1194, 1196–97 (Fla. 5th DCA 2022) (citing *Perez v. State,* 128 So. 3d 223, 227 (Fla. 2d DCA 2013)). This ground is reversed and remanded for reconsideration.

REVERSED and REMANDED with instructions.

JAY, C.J., and MACIVER, J., concur.

––––––––––––––––––––––––

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

––––––––––––––––––––––––