LEVINE, J.
Appellant appeals his convictions for burglary of a dwelling with a battery and aggravated battery. We find that the trial court did not err in admitting the statements of appellant’s girlfriend to the police or the recorded telephone calls between appellant and his girlfriend. Finally, we find that the prosecutor’s remarks in opening and closing statements did not constitute reversible error.
At trial, a witness, Lewisha Freeman, testified to hearing a woman banging on doors and screaming, “[S]omebody help me, he is going to kill me.” Freeman stepped outside her apartment and saw appellant yelling at a woman and grabbing the woman by her throat. Appellant released the woman, later identified as appellant’s girlfriend Lauren Glushko, who then went into Freeman’s apartment.
Appellant yelled through the door of Freeman’s apartment and threatened, “I will fight you like a man.” Freeman called the police, but before they could arrive, appellant broke into Freeman’s apartment by “busting” through the door. Appellant then hit Freeman on her face and body. Appellant ceased hitting Freeman only when the apartment manager entered the apartment, and appellant then fled.
When the police arrived, they spoke with Glushko. Officer Stenger testified, over defense objection, that Glushko told the officer that she was arguing with appellant when appellant started pushing and slapping her. Appellant became angry and grabbed her by the neck and said he was going to kill her. Glushko got away from appellant when Freeman let her into the apartment. Appellant pursued Glush-ko and started yelling and banging on the door. Freeman sustained two fractures around her eye and was hospitalized for three days.
The court also admitted, over the defense’s objection, telephone calls between appellant and Glushko made while appellant was in the county jail. During these calls, appellant was angry with Glushko for going to the authorities and telling them “what really happened.” Appellant questioned Glushko, asking how her cooperation was “gonna benefit” him. Appellant *335 told Glushko to “plead the Fifth Amendment.” Glushko later told appellant that she was already doing things for appellant with the “P” word, later understood to refer to perjury. Ultimately, Glushko declined to press charges or cooperate in the case, claiming she had no memory of the events from that date.
The state filed a notice of intent to offer evidence of other crimes, wrongs or acts pursuant to section 90.404(2)(a), Florida Statutes, regarding appellant’s threats to injure Glushko. The trial court admitted evidence of appellant’s assault on Glushko, finding it inextricably intertwined with the charged offense. The trial court also admitted Glushko’s statements to the police, finding that appellant had procured Glush-ko’s absence from trial and that the statements were admissible under the excited utterance exception to the hearsay rule.
At trial, the state made several arguments in opening and closing statements that prompted objections and motions for mistrial from appellant. In opening statement, the state told the jury that “[wjhat brought us all here is to find out about the truth of what that man, the defendant — .” The state concluded its opening remarks by stating that “I know you will do the right thing.”
During closing argument, the state argued, “Five minutes after Officer Stenger was dispatched, he was on scene. Ms. Glushko met him and told him what happened and who did it. And those phone calls tell you who did it as well. And tells the truth that came out.” The state also argued that “[wje’re coming to the close” of the trial and that the jury “no longer” has “to presume him innocent.” The state continued, “If you believe the evidence has shown that he is not presumed innocent does not mean he’s actually innocent and the time for that is over.” To both statements, the trial court overruled appellant’s objections. Finally, the state concluded that “I know that you will do the right thing.”
The jury found appellant guilty, the court sentenced him as a prison releasee reoffender to life in prison, and this appeal ensues.
“The standard of review for admissibility of evidence is abuse of discretion, limited by the rules of evidence.” Tengbergen v. State, 9 So.3d 729, 736 (Fla. 4th DCA 2009). “[W]hether evidence falls within the statutory definition of hearsay is a matter of law, subject to de novo review.” Burkey v. State, 922 So.2d 1033, 1035 (Fla. 4th DCA 2006). We find the trial court did not err in allowing the admission of testimony regarding appellant’s assault on Glushko since it was “inseparable from the crime charged, or evidence which is inextricably intertwined with the crime charged.” Griffin v. State, 639 So.2d 966, 968 (Fla.1994).
We also find that the trial court did not err in admitting Glushko’s statements to the police, which were made immediately after the stress and excitement of appellant’s attack on Glushko and Freeman. Glushko’s statement took place within five to ten minutes of the police officer’s dispatch to the scene. The officer testified to finding Glushko crying, bruised, and missing a tooth. As the supreme court has explained:
In order for a statement to qualify as an excited utterance exception to the hearsay rule pursuant to section 90.803(2), Florida Statutes (2007), the statement must be. made (1) regarding an event startling enough to cause nervous excitement; (2) before there was time to contrive or misrepresent; and (3) while the person was under the stress or excitement caused by the event.
*336 Hayward v. State, 24 So.3d 17, 29 (Fla.2009) (citation and internal quotation marks omitted). In Rivera v. State, 718 So.2d 856, 858 (Fla. 4th DCA 1998), this court found that the “victim did not have time for reflective thought” where “only fifteen minutes had elapsed between the time of the altercation and the victim’s emotional statements to the officer” and the victim appeared “visibly shaken” when police arrived. In the present case, appellant’s girlfriend clearly had been party to a startling event which could cause nervous excitement, without time for “reflective thought” to contrive or misrepresent.[1]
The trial court also properly admitted the jailhouse telephone conversation between appellant and Glushko. “[E]vidence that an accused ‘in any manner endeavors to evade a threatened prosecution ... is admissible against the accused where the relevance of such evidence is based on consciousness of guilt inferred from such actions.’” Knotts v. State, 533 So.2d 826, 827 (Fla. 1st DCA 1988) (citation omitted).
Finally, as to the statements made by the state in opening and closing arguments, we find no reversible error. Improper prosecutorial arguments are reviewed under an abuse of discretion standard. Paul v. State, 958 So.2d 1135, 1136 (Fla. 4th DCA 2007). As this court has explained:
A trial court’s decision as to whether to grant a motion for mistrial is reviewed for abuse of discretion. The power to declare a mistrial should be exercised with care and caution and only in cases of absolute necessity. [A] mistrial should only be declared if the error is so prejudicial and fundamental that it denies the accused a fair trial.
Dunlap v. State, 21 So.3d 873, 876 (Fla. 4th DCA 2009) (citations and quotation marks omitted).
As to the prosecutor’s references to “the truth,” this court in Dunlap found no abuse of discretion in denying a motion for mistrial where the prosecutor instructed the jury to “make a collective decision on what the truth is.” Id. at 875. The Dunlap court held that “neither the word ‘truth’ nor the topic of witness credibility is prohibited in a criminal trial in proper context.” Id. at 877. The prosecutor’s statements in the instant case are analogous to those in Dunlap. Further, like in Dunlap, the prosecutor “neither insinuated that [the] defendant needed to prove anything, nor invited the jury to convict the defendant for a reason other than the State proving [the] defendant’s guilt by evidence beyond a reasonable doubt.” Id. at 876.
As to the comments on appellant’s presumption of innocence, the supreme court found no error where the prosecutor in closing arguments stated, “There is no longer a presumption of innocence as evidence has been presented.... ” Taylor v. State, 62 So.3d 1101 (Fla.2011). The court explained, “[WJhen read in context, the comments appear to be a statement by the prosecutor of her belief that the State satisfied its burden of proof.” Id. (quoting Dailey v. State, 965 So.2d 38, 44 (Fla.2007)). The comments in the instant case *337 are similar to Taylor. When viewed in context, the comments reflected the prosecutor’s belief that the state satisfied its burden of proof and thus were not improper.
We find that the prosecutor’s “do the right thing” remarks were improper. See Rimmer v. State, 825 So.2d 304, 324 (Fla.2002). However, the trial court’s error in overruling appellant’s objections was harmless, as there is no reasonable probability that the improper remarks contributed to the jury’s guilty verdict. State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986); see also State v. Johnson, 775 So.2d 670 (La.Ct.App.2000) (finding improper but harmless the prosecutor’s exhortation to the jury to “do the right thing” as citizens of Baton Rouge); Kirtsey v. State, 649 So.2d 946 (Fla. 3d DCA 1995) (finding harmless the prosecutor’s improper statements that the victims were citizens of Florida and that the prosecutor’s job was to keep the streets safe). We further find that the trial court did not abuse its discretion in denying the motion for mistrial, as it cannot be said that the error was “so prejudicial and fundamental” as to deny appellant a fair trial. Dunlap, 21 So.3d at 876.
Thus, in conclusion, we affirm the convictions and sentence of appellant.

Affirmed.

WARNER and POLEN, JJ., concur.

. We also find that the trial court's admission of Glushko’s statement did not violate the Confrontation Clause, as Glushko's unavailability at trial was at appellant’s behest. See Giles v. California, 554 U.S. 353, 128 S.Ct. 2678, 171 L.Ed.2d 488 (2008). The doctrine of forfeiture by wrongdoing permits the introduction of statements where a witness is "detained” or “kept away” by the procurement of the defendant. Id. at 359, 128 S.Ct. 2678. The tapes of jail conversations between appellant and Glushko corroborate that appellant wrongfully procured the unavailability of the witness.