CIKLIN, J.
Kengi Merritt appeals his conviction for three counts of sexual battery on a person less than twelve years of age, two counts of attempted sexual battery on a person less than twelve years of age, two counts of lewd or lascivious molestation, and one count of lewd or lascivious exhibition. The court sentenced Merritt to three concurrent terms of life imprisonment for the three convictions of sexual battery on a person less than twelve years of age.[1] We affirm and write only to address Merritt’s claim that the trial court improperly prevented Merritt’s counsel from eliciting testimony from one of the victims regarding an alleged past sexual experience.
By information, the state alleged that Merritt sexually abused four young girls. A nurse practitioner (“the nurse”) examined one of the girls, L.P., and the nurse determined that L.P. had a healed hymen tear that possibly indicated sexual activity. L.P. was six or seven years of age at the time of the alleged abuse.
During the state’s case-in-chief, the nurse testified that her examination of L.P. revealed that L.P. had physical scarring which indicated past vaginal penetration. Prior to the nurse’s testimony, the state called L.P. L.P. testified that Merritt had vaginally raped her. Merritt’s counsel sought to question L.P. regarding an alleged past sexual experience between L.P. and a boy that, the defense argued, could provide an alternative explanation for L.P.’s physical signs of sexual activity. The state argued that L.P. had no personal knowledge of the event, and that the defense should be prevented from asking L.P. about the incident.
The court allowed Merritt’s counsel to question L.P. in a proffer, outside the presence of the jury. The court stated that if the proffered testimony produced admissible testimony, then Merritt’s counsel would be allowed to question L.P. regarding the past sexual experience in front of the jury.
The defense: Okay, [L.P.], do you remember talking to that lady [from the state-run Child Protective Team] in the room?
L.P.: Yes.
The defense: And when she asked you has anyone ever else [sic] put their penis in your vagina, you said yeah?
[The state objected, then apparently withdrew the objection].
The defense: She asked you that exact question, right?
L.P.: Yes.
*308 The defense: And you said, yeah?
L.P.: I said, when I was little, my cousin said that this boy did when we was [sic] little. And [Merritt] like walked in on us. And that’s why we think he started touching on us and stuff. And he got my cousin and the boy doing it. And they said I did it, too, but I don’t remember doing it. But I think, I think I did it.
Still outside the presence of the jury, the state questioned L.P. regarding the incident with the boy. L.P. stated she did not have any independent memory of the boy placing his penis inside her or touching her in any way. L.P. also stated that the only reason she knew of the incident was because her older cousins told her it had happened.
Based on L.P.’s testimony, the court determined that the defense could not question L.P. regarding the incident because her answer — concerning what her older cousins told her — was hearsay. The court did allow one of the victim’s cousins to testify regarding the incident. The cousin testified that she, L.P., and the boy would “play house” and “sort of like touched each other.” The cousin stated that neither she nor L.P. had sex with the boy.
On appeal, Merritt contends that the trial court erred by ruling that L.P.’s proffered statements were inadmissible. “The standard of review for admissibility of evidence is abuse of discretion, limited by the rules of evidence. Whether evidence falls within the statutory definition of hearsay is a matter of law, subject to de novo review.” Lucas v. State, 67 So.3d 332, 335 (Fla. 4th DCA 2011) (citations, alteration, and quotation marks omitted).
Merritt argues that the cousin’s statement to L.P. was not hearsay because the defense asked L.P. whether any male other than Merritt placed his penis in L.P.’s vagina, and L.P. answered “yes.” Merritt misconstrues L.P.’s testimony during the proffer. L.P. answered affirmatively to the question, “She asked you that exact question, right?” L.P.’s answer only showed that she was previously asked a question regarding the past sexual experience with the boy, not that her vagina had in fact been penetrated by someone other than Merritt. When Merritt’s attorney asked what L.P.’s answer to the question was, L.P. answered, “[M]y cousin said that this boy did when we was little.” L.P.’s statement was hearsay. See § 90.801(l)(c), Fla. Stat. (2010).
The trial court properly precluded Merritt’s trial counsel from asking L.P. questions that would elicit hearsay in response. Therefore, we affirm.

Affirmed.

STEVENSON, J., and MORGAN, DAVID C., Associate Judge, concur.

. The court also sentenced Merritt to four terms of thirty years each for the two attempted sexual battery convictions and the two lewd or lascivious molestation convictions, and fifteen years for the lewd or lascivious exhibition conviction, with all sentences to run concurrently.