DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**ERIC LUCAS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-172

[ September 10, 2014 ]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Paul L. Backman, Judge; L.T. Case Nos. 04-19511 CF10A & 07-2229 CF10A.

Eric Lucas, Okeechobee, Pro Se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Monique Rolla, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

We reverse the trial court's order which struck appellant's rule 3.850 motion based on insufficiency of one claim. Appellant filed a premature appeal of the order which had granted leave to amend within thirty days. The postconviction time limit expired. Pursuant to *Christner v. State*, 984 So. 2d 561 (Fla. 2d DCA 2008), we relinquished jurisdiction to the trial court. The court responded explaining that no amended motion had been filed within the time provided. The trial court entered a final order adopting its prior order striking the motion in its entirety.

In the claim at issue, appellant alleged that his counsel was ineffective in failing to consult and hire an ophthalmologist expert to rebut the State's claim that the victim suffered "permanent damage" as an element of aggravated battery. The trial court agreed with the State that the claim was facially insufficient because appellant did not identify a specific witness, explain the testimony that could be elicited, or allege that the witness was available to testify at trial. *Nelson v. State*, 875 So. 2d 579,

583 (Fla. 2004). The court struck the entire motion with leave to amend. Neither the court, nor the State, addressed appellant's other three claims. No records were attached.

The trial court erred in failing to follow our binding precedent. We confronted this issue in *Terrell v. State*, 9 So. 3d 1284 (Fla. 4th DCA 2009), and explained:

> As a threshold matter, the state asserts that this claim was facially insufficient because the defendant did not name the expert whom he wished to testify. Although the defendant is usually required to identify fact witnesses by name, we are aware of no authority requiring the defendant to provide the name of a particular expert where the defendant claims that trial counsel failed to secure an expert in a named field of expertise. We thus do not agree that the defendant's postconviction claim was facially insufficient.

*Id.* at 1289. Appellant's motion sufficiently explained the relevance and substance of the expected testimony and alleged that the outcome of the proceedings would have been different.

The State in this appeal acknowledges that this matter should be remanded for the trial court to consider appellant's other claims which were not addressed in the proceedings below. *See* Fla. R. Crim. P. 3.850(f)(3). We agree.

Accordingly, we reverse and remand for further proceedings consistent with this opinion.

*Reversed and Remanded.*

DAMOORGIAN, C.J., TAYLOR and MAY, JJ., concur.

\*          \*          \*

**Not final until disposition of timely filed motion for rehearing.**