# Supreme Court of Florida

_____

No. SC14-1925
_____

**STATE OF FLORIDA,**
Petitioner,

vs.

**ERIC LUCAS,**
Respondent.

[January 28, 2016]

LABARGA, C.J.

The State seeks review of the decision of the Fourth District Court of Appeal in Lucas v. State, 147 So. 3d 611 (Fla. 4th DCA 2014), on the ground that it expressly and directly conflicts with a decision of this Court, Nelson v. State, 875 So. 2d 579 (Fla. 2004), on a question of law. We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. The question before the Court is whether a postconviction movant filing a motion under Florida Rule of Criminal Procedure 3.850 alleging that trial counsel was ineffective in failing to consult and present an expert in a particular field must always identify that witness by name and allege that the witness would have been available to testify at trial—and whether failure to do so

will render the claim legally insufficient.  For the reasons discussed below, we answer this question in the negative and approve the district court's decision in Lucas.

## I.  FACTUAL AND PROCEDURAL HISTORY

The background facts of this case and the original convictions are set forth in Lucas v. State, 67 So. 3d 332 (Fla. 4th DCA 2011).  Lucas was convicted of burglary of a dwelling with a battery and aggravated battery.  Id. at 334.  The district court explained:

> At trial, a witness, Lewisha Freeman, testified to hearing a woman banging on doors and screaming, "[S]omebody help me, he is going to kill me."  Freeman stepped outside her apartment and saw appellant yelling at a woman and grabbing the woman by her throat.  Appellant released the woman, later identified as appellant's girlfriend Lauren Glushko, who then went into Freeman's apartment.
> Appellant yelled through the door of Freeman's apartment and threatened, "I will fight you like a man."  Freeman called the police, but before they could arrive, appellant broke into Freeman's apartment by "busting" through the door.  Appellant then hit Freeman on her face and body.  Appellant ceased hitting Freeman only when the apartment manager entered the apartment, and appellant then fled.

Id.  The opinion further stated that victim Freeman "sustained two fractures around her eye and was hospitalized for three days."  Id.  Lucas was convicted and sentenced to life in prison as a prison releasee reoffender.  Id. at 335.  On appeal, the Fourth District affirmed the convictions and sentence.  Id. at 337.

On January 22, 2013, Lucas filed a postconviction motion under Florida Rule of Criminal Procedure 3.850 raising four grounds for relief.  Ground One, the

only claim at issue here, alleged that trial counsel was ineffective in failing to consult and hire an ophthalmologist expert to rebut the State's claim that the victim suffered permanent eye damage as an element of aggravated battery.[1] The motion alleged that the victim testified at trial that she had to wear an eye patch and could not see with both eyes open at one time—and that she needed surgery but could not afford it. The motion further alleged that the State's witness, Dr. John Clark, an oral maxillofacial surgeon, testified that an ophthalmologist would be better suited to examine Freeman, but that eye sockets fracture easily and Freeman did not need eye surgery. The motion alleged that an ophthalmologist had examined Freeman and stated in a report, which was reviewed by Dr. Clark, that Freeman would be "okay" but should see a specialist if she had further visual difficulty, and that she could be referred to a specialist who could treat her with medication. Lucas contended that the prosecutor used this testimony to argue for permanent injury to support the crime of aggravated battery.

Lucas also argued in his motion that trial counsel had a duty to present an expert in the field of ophthalmology to rebut the presumption of permanent injury as an element of aggravated battery—and that if trial counsel had done so, the jury

_____

1. Section 784.045, Florida Statutes (2015), provides that a person is guilty of "aggravated battery" if, in committing a battery, the person "[i]ntentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement." § 784.045(1)(a)1., Fla. Stat. (2015).

would have heard testimony that the injury was not permanent and could be corrected by surgery or medication. The motion did not name a specific expert and thus, did not state that any specific expert would have been available to testify at the trial.

The State's response to the 3.850 motion contended that the claim in Ground One—the issue concerning counsel's failure to present an expert ophthalmologist—was insufficiently pled because it did not name the witness that should have been called, did not set forth the testimony that the witness would present, did not allege that the witness would have been available to testify at trial, and did not set forth the prejudice to the defendant.[2] In support of its arguments, the State cited Nelson, 875 So. 2d 579, and focused mainly on the failure to specifically name a witness and allege that such a witness would have been available to testify. The State argued that Nelson's requirement to identify a witness applied equally to a fact witness and an expert witness.

Without holding a hearing and without an explanation, the trial court issued an order striking the motion and allowing Lucas thirty days to file an amended motion. Lucas then filed a motion for rehearing, which was denied. He did not file an amended 3.850 motion, but filed his pro se notice of appeal to the Fourth

---

2. The State's response did not address the other three claims in the 3.850 motion.

- 4 -

District Court of Appeal. The district court, relying on <u>Terrell v. State</u>, 9 So. 3d 1284 (Fla. 4th DCA 2009), reversed the trial court's order. <u>Lucas</u>, 147 So. 3d at 612. Quoting <u>Terrell</u>, the district court held:

> Although the defendant is usually required to identify fact witnesses by name, we are aware of no authority requiring the defendant to provide the name of a particular expert where the defendant claims that trial counsel failed to secure an expert in a named field of expertise. We thus do not agree that the defendant's postconviction claim was facially insufficient.

<u>Id.</u> The district court concluded that Lucas's postconviction motion was facially sufficient because it explained the relevance and substance of the expected testimony from an expert ophthalmologist and alleged that, but for the error of counsel, the outcome of the proceedings would have been different. <u>Id.</u> The State sought review of the district court's decision in this Court, arguing that it conflicts with our decision in <u>Nelson</u>. We granted review and appointed counsel to represent Lucas.

## II. ANALYSIS

In this analysis, we must determine whether a 3.850 motion is sufficient if it sets forth a factual basis demonstrating that trial counsel knew or should have known that an expert in a specific field of expertise could have offered testimony that would reasonably have resulted in a different outcome. Our review of this question of law is de novo. <u>Nelson</u>, 875 So. 2d at 581.

We turn first to Florida Rule of Criminal Procedure 3.850(c), which states

the required contents of a postconviction motion and provides:

> **(c) Contents of Motion**.  The motion must be under oath
> stating that the defendant has read the motion or that it has been read
> to him or her, that the defendant understands its content, and that all
> of the facts stated therein are true and correct.  The motion must also
> include an explanation of:
> (1)  the judgment or sentence under attack and the court that
> rendered the same;
> (2)  whether the judgment resulted from a plea or a trial;
> (3)  whether there was an appeal from the judgment or sentence
> and the disposition thereof;
> (4)  whether a previous postconviction motion has been filed,
> and if so, how many;
> (5)  if a previous motion or motions have been filed, the reason
> or reasons the claim or claims in the present motion were not raised in
> the former motion or motions;
> (6)  the nature of the relief sought; and
> (7)  a brief statement of the facts and other conditions relied on
> in support of the motion.

We also reiterate the requirements for proving a claim of ineffective assistance of

counsel that were set forth by the United States Supreme Court in Strickland v.

Washington, 466 U.S. 668 (1984).  Strickland held that a defendant must show that

counsel's performance was deficient and that the deficient performance prejudiced

the defense, which requires a showing that the errors were so serious as to deprive

the defendant of "a trial whose result is reliable."  Id. at 687.

With the requirements of rule 3.850 and the legal standard set forth in

Strickland in mind, we turn to the State's arguments.  The State contends that in

making a sufficient claim for ineffective assistance of counsel for failing to consult

or call an expert, in addition to the express requirements of rule 3.850, we required in Nelson that the motion name the expert witness and attest that the witness would have been available to testify at trial. In Nelson, the defendant claimed in pertinent part that counsel was ineffective for failing to call several witnesses to testify. Nelson, 875 So. 2d at 581. Three of the four witnesses at issue in Nelson were named in the motion, and one was an unnamed blood spatter expert. Id. at 581 n.1. The trial court in Nelson dismissed the claim as insufficient because the motion did not allege the witnesses would have been available to testify at trial. Id. On appeal, the Fifth District in Nelson v. State, 816 So. 2d 694, 695-96 (Fla. 5th DCA 2002), affirmed and held that a claim of ineffective assistance for failing to call certain witnesses must allege that the witnesses would have been available for trial. The district court's decision in Nelson did not address any failure to identify a specific expert witness.

We granted review of the Fifth District's decision in Nelson to resolve the conflict issue of "whether a defendant alleging that counsel was ineffective for failing to call, interview, or investigate witnesses at trial must specifically allege in his or her postconviction motion that the witnesses would have been available to testify at trial had counsel called them." Nelson, 875 So. 2d at 581 (emphasis added). We mentioned the identity of witnesses only in passing, stating:

> As noted by the parties in this case, in Gaskin v. State, 737 So. 2d 509, 514 n.10 (Fla. 1999), this Court stated in a footnote that a

defendant asserting ineffective assistance of counsel for failing to call certain witnesses is not required under rule 3.850(c) to allege the <u>names of witnesses</u>, the substance of their testimony, or their availability to testify at trial. <u>This statement was overbroad in respect to the requirement to plead what a witness's testimony would have been and the witness's availability to have testified at trial.</u> . . . To the extent that the footnote in <u>Gaskin</u> is inconsistent with this opinion, we recede from it.

<u>Id.</u> at 582-83 (footnote omitted) (emphasis added). Thus, our decision in <u>Nelson</u> turned on the requirements that the motion allege what the witness's testimony would have been and the fact that the witness would have been available to testify at trial. <u>Nelson</u> was silent on whether the motion must name a specific expert when counsel is alleged to have been ineffective for failing to consult or present an expert.

Justice Lewis dissented in <u>Nelson</u> and concluded that although availability to testify is relevant to the merits of the motion, an allegation containing such "magic words" should not be required to render the motion legally sufficient. <u>Nelson</u>, 875 So. 2d at 585 (Lewis, J., dissenting). Justice Lewis stated:

Subsumed within the allegation of the failure to present a witness at trial of which counsel was aware is the underlying premise that a witness was available for trial and would have testified if presented. Unquestionably, if a witness was not available, the petitioner will fail to demonstrate the requisite prejudice prong of <u>Strickland</u>. However, mandating that a petition include the four "magic words"—"was available for trial"—most assuredly creates an additional pleading element, not required by the applicable rule.

<u>Id.</u> Justice Pariente joined in this dissent.

- 8 -

There is no question that when the ineffective assistance claim alleges trial counsel should have presented a <u>fact</u> witness, such witness must be named and his or her availability attested to. <u>See</u> <u>Booker v. State</u>, 969 So. 2d 186 (Fla. 2007). However, rule 3.850 does not expressly call for the name of a specific expert witness, and the issue in <u>Nelson</u> was not whether a specific expert must be named. Thus, we must decide if we have construed <u>Nelson</u> to require that when a claim is made that counsel should have consulted or called an expert in a specific field of expertise, that expert must be specifically identified and shown to have been available to testify at trial.

The State also relies on <u>Bryant v. State</u>, 901 So. 2d 810 (Fla. 2005), to argue that the postconviction motion must specifically name the expert and allege that the expert would have been available to testify at trial. In <u>Bryant</u>, where the issue concerned counsel's failure to obtain a false confession expert, we cited <u>Nelson</u> only for the proposition that a defendant is required to allege what testimony defense counsel could have elicited and how the failure to consult or call the witness prejudiced the case. <u>Id.</u> at 821. Even though the "false confession expert" was not a named witness in <u>Bryant</u>, we did not rely on that as a ground to find that the claim was legally insufficient. <u>Id.</u> To clarify the deficiency in the motion in <u>Bryant</u>, we explained, "Without more specific factual allegations, such as proposed testimony, this claim is insufficient." <u>Id.</u> at 822. Therefore, in <u>Bryant</u> we did not

hold that the motion must allege that a specific witness has been obtained, or even that the claim must name a specific witness, but that the motion must provide specific factual allegations about the proposed testimony to be sufficient.

Similarly, in Jennings v. State, 123 So. 3d 1101, 1122 (Fla. 2013), one of the issues was whether counsel was ineffective for failing to call any witness to challenge the forensic evidence at trial. We found the claim legally insufficient because it did not allege "what specific information other experts would have been able to offer or how this presentation would have impacted the case." Id. at 1123. We added, "[w]ithout more specific factual allegations about how further investigation or challenge of the State's evidence would have benefitted Jennings, trial counsel cannot be deemed deficient." Id. In reaching this holding, we cited Bryant and Nelson, and did not find the failure to identify a specific forensic expert as a reason to find the claim legally insufficient. Id.

Thus, the main concern we have voiced regarding postconviction claims based on uncalled and unnamed expert witnesses has been the failure to allege sufficient facts concerning the necessity of the uncalled expert and the testimony the expert could have provided at trial. In that same vein, the Fourth District concluded that "[a]ppellant's motion sufficiently explained the relevance and substance of the expected testimony and alleged that the outcome of the proceedings would have been different." Lucas, 147 So. 3d at 612. We agree.

As noted earlier, Lucas's postconviction motion claimed that counsel was ineffective in failing to consult or hire an expert witness in the area of eye injuries—an ophthalmologist—to rebut the State's claim of "permanent damage" as an element of aggravated battery. Lucas based this claim in part on the victim's testimony that she needed surgery but could not afford it, and on the testimony of the State's expert, Dr. John Clark, an oral maxillofacial surgeon, who attested to the victim's eye socket fractures. According to the motion, Dr. Clark concluded that the victim did not need eye surgery because the eye was functioning and moving, but noted that an ophthalmologist would be better suited to examine the victim. The motion set forth evidence showing that Dr. Clark also reviewed the report of an attending ophthalmologist who examined the victim, which indicated the victim would "be okay," but recommended a specialist if she encountered difficulties. According to the motion, the ophthalmologist also stated in his report that if the victim suffered further blurred vision he would refer her to another doctor to treat with medication. Lucas argued that this report sufficiently apprised counsel that a consultation was in order as nothing conclusively established the element of permanent injury. Moreover, the motion alleged that the prosecutor presented Dr. Clark's testimony in support of the argument that there was "permanent injury" or "disfigurement." Based on these alleged facts, Lucas contended that counsel had a duty to present an expert ophthalmologist to rebut

any presumption of a permanent injury that could not be repaired through surgery or medication. Lucas claimed that if the jury heard expert testimony that the injury could be corrected, and thus was not permanent, the outcome of the proceeding would have been different.

These allegations of fact demonstrate the specificity required to show why an ophthalmology expert was said to be necessary based on the elements of the aggravated battery charge, the expert testimony presented by the State, and the portions of the record that supported a claim that an ophthalmology expert could have shown that the eye injuries were not permanent or disfiguring. We are hard pressed to find that a motion could be any more specific in alleging facts supporting why an expert should have been called, what the expert could have testified to, and the prejudice resulting from the failure to present such a witness.

Fact witnesses and expert witnesses are distinguishable. An expert witness is used "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact in understanding the evidence or in determining a fact in issue." See § 90.702, Fla. Stat. (2015). However, a fact witness is used if that witness has personal knowledge of the facts of a case. See § 90.604, Fla. Stat. (2015). If a defendant alleges in a rule 3.850 motion that a fact witness should have been called by counsel because he or she could have testified as to certain personal knowledge of a matter, it logically follows that the defendant can and must identify that fact

witness and allege that the witness would have been available to testify at trial. However, the same conclusion is not applicable to an expert witness. If a defendant alleges that an expert witness should have been called by counsel because he or she could have testified about certain scientific, technical, or other specialized knowledge, that testimony could be provided by any number of expert witnesses in that field. Accordingly, we cannot hold that a defendant is always required to name a specific expert witness and show that the specific expert witness would have been available to testify at trial in order to render a rule 3.850 motion legally sufficient.

## III. CONCLUSION

For the foregoing reasons, we approve the decision of the Fourth District in this case and hold that a motion filed pursuant to rule 3.850 alleging that trial counsel was ineffective for failing to consult or present an expert in a named field of expertise need not, in every case, name a specific expert and attest that the specific expert would have been available to testify at trial.

It is so ordered.

PARIENTE, LEWIS, QUINCE, and PERRY, JJ., concur.
CANADY, J., dissents with an opinion, in which POLSTON, J., concurs.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

- 13 -

CANADY, J., dissenting.

Although I originally voted to grant jurisdiction in this case, I have now concluded that there is no conflict between the case on review and our decision in Nelson. Accordingly, I would discharge this case.

The holding in Nelson was that "a facially sufficient postconviction motion alleging the ineffectiveness of counsel for failing to call certain witnesses must include an assertion that those witnesses would in fact have been available to testify at trial." 875 So. 2d at 584. But the decision of the Fourth District in Lucas contains no holding on that issue. Regarding the disputed claim, the only error identified in Lucas is the trial court's failure "to follow" the Fourth District's "binding precedent" that there is no requirement for a " 'defendant to provide the name of a particular expert where the defendant claims that trial counsel failed to secure an expert in a named field of expertise.' " 147 So. 3d at 612 (quoting Terrell v. State, 9 So. 3d 1284, 1289 (Fla. 4th DCA 2009)). Although the Fourth District's opinion mentions the trial court's determination that the motion was facially insufficient because it did not "allege that the witness was available to testify at trial," id. (citing Nelson, 875 So. 2d at 583), it contains no discussion of that determination. Thus, there is not a sufficient basis to determine that conflict exists between Lucas and Nelson.

- 14 -

If the majority believes that <u>Lucas</u> contains a holding relating to the failure to allege availability to testify at trial that is in conflict with <u>Nelson</u>'s holding on that issue, the majority should either quash <u>Lucas</u> or expressly recede from <u>Nelson</u>'s holding to the extent that it applies to expert witnesses. It is illogical for the Court to exercise conflict jurisdiction based on a conflict with one of our prior decisions, then approve the decision on review but fail to recede at least in part from our prior decision. If there is conflict between the holdings of two decisions, there must be an error in one of the two decisions. The Court should identify which decision contains the error.

POLSTON, J., concurs.

Application for Review of the Decision of the District Court of Appeal - Direct Conflict of Decisions

    Fourth District - Case No. 4D14-172

    (Broward County)

Pamela Jo Bondi, Attorney General, Tallahassee, Florida; Consiglia Terenzio, Bureau Chief, Monique Rolla, Assistant Attorney General, and Luke Robert Napodano, Assistant Attorney General, West Palm Beach, Florida,

    for Petitioner

Michael March Brownlee of Fisher Rushmer, P.A., Orlando, Florida,

    for Respondent