# Supreme Court of Florida

_____

No. SC2024-0323
_____

**KENGI N. MERRITT,**
Petitioner,

vs.

**SECRETARY, DEPTARTMENT OF CORRECTIONS,**
Respondent.

August 22, 2024

PER CURIAM.

Kengi N. Merritt, an inmate in state custody, filed a pro se petition for writ of habeas corpus with this Court.[1] We denied the petition, expressly retained jurisdiction, and directed Merritt to show cause why sanctions should not be imposed against him for his abuse of the Court's limited resources. *See Merritt v. Sec'y, Dept. of Corr.*, No. SC2024-0323, 2024 WL 1827235 (Fla. Apr. 26, 2024); Fla. R. App. P. 9.410(a) (Sanctions; Court's Motion). Having received no response to the show cause order, we find that Merritt

---

1. We have jurisdiction. *See* art. V, § 3(b)(9), Fla. Const.

has failed to show cause why he should not be pro se barred, and we sanction him as set forth below.

Merritt was convicted in the Circuit Court of the Fifteenth Judicial Circuit (Palm Beach County) on three counts of sexual battery on a person less than 12 years of age, two counts of attempted sexual battery on a person less than 12 years of age, two counts of lewd or lascivious molestation, and one count of lewd or lascivious exhibition (case number 502010CF008673AXXXMB).  He was sentenced in 2011 to life imprisonment on the sexual battery convictions and to lesser sentences on the remaining counts.  The Fourth District Court of Appeal affirmed the judgments and sentences in 2013.  *Merritt v. State*, 109 So. 3d 306 (Fla. 4th DCA 2013).

Since 2022, Merritt has filed six petitions for writ of habeas corpus with this Court, all challenging his convictions and sentences in case number 502010CF008673AXXXMB.  We have never granted Merritt the relief sought in any of his filings, all of which we have dismissed as unauthorized or denied.  Merritt's habeas petition in this case is no exception.  In the petition, Merritt claimed that the trial court lacked subject matter jurisdiction over

his case due to a defective charging instrument, which was identical to the claim he raised in two previous habeas petitions. We therefore denied the petition as successive and directed Merritt to show cause why he should not be barred from filing any further pro se requests for relief.

Merritt did not respond to the order to show cause and, in so doing, has failed to offer any justification for his repeated misuse of this Court's limited judicial resources. Thus, we find that he has failed to show cause why sanctions should not be imposed. Therefore, based on Merritt's history of filing multiple pro se petitions and requests for relief that were meritless or otherwise inappropriate for this Court's review, we now find that he has abused the Court's limited judicial resources. *See Pettway v. McNeil*, 987 So. 2d 20, 22 (Fla. 2008) (explaining that this Court has previously "exercised the inherent judicial authority to sanction an abusive litigant" and that "[o]ne justification for such a sanction lies in the protection of the rights of others to have the Court conduct timely reviews of their legitimate filings"). It is apparent that if no action is taken, Merritt will continue to burden the Court's resources. We further conclude that Merritt's habeas

petition filed in this case is a frivolous proceeding brought before the Court by a state prisoner. *See* § 944.279(1), Fla. Stat. (2023).

Accordingly, we direct the Clerk of this Court to reject any future pleadings or other requests for relief submitted by Kengi N. Merritt that are related to case number 502010CF008673AXXXMB, unless such filings are signed by a member in good standing of The Florida Bar. Furthermore, because we find Merritt's petition to be frivolous, we direct the Clerk of this Court, pursuant to section 944.279(1), Florida Statutes (2023), to forward a copy of this opinion to the Florida Department of Corrections' institution or facility in which Merritt is incarcerated.

No motion for rehearing or clarification will be entertained by this Court.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

Original Proceeding – Habeas Corpus

Kengi N. Merritt, pro se, Arcadia, Florida,

for Petitioner

No appearance for Respondent